**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Champlin's Realty Associates | : | |
| v. | : | C.A. NO: 06-135 ML |
| Donald L. Carcieri, Governor of the State of Rhode Island, Kenneth K. McKay IV, Chief of Staff to the Governor of the State of Rhode Island and John Does, 1 through 5 | : : : : | |

**MOTION TO ADJUDGE THE TOWN OF NEW SHOREHAM, by and through its Town Manager, NANCY DODGE, IN CONTEMPT AND TO COMPEL COMPLIANCE WITH A *SUBPOENA***

Now comes the Plaintiff, CHAMPLIN'S REALTY ASSOCIATES, in the above-entitled cause and pursuant to F.R.C.P. 45(e) and 45(c)(2)(B) moves that the Town of New Shoreham, by and through its Town Manager, Nancy Dodge, be held in contempt for her failure to appear for the taking of her deposition and to comply with the *subpoena duces tecum*, a copy of which is attached hereto and made a part hereof. Further, Plaintiff moves that the Town of New Shoreham be compelled to produce the documents set forth in Exhibit A of the attached *subpoena*.

Plaintiff represents that its counsel communicated with the witness' counsel by the attached correspondence and was unable to resolve these issues without Court intervention.

**WHEREFORE**, Plaintiff prays that this Honorable Court adjudge the Town of New Shoreham, by and through its Town Manager, in contempt and order her to appear for the taking of her deposition and further moves this Honorable Court for costs and attorney fees associated with this motion.

Champlin's Realty Associates
By its Attorney,

Robert D. Goldberg #1733
Goldberg Law Offices
226 Cottage Street
Pawtucket, RI 02860
Tel: (401) 728-1510
Fax: (401) 725-3355

**PLEASE TAKE NOTICE THAT THE ABOVE MOTION SHALL BE SET DOWN FOR HEARING AT SUCH TIMES AS THIS HONORABLE UNITED STATES DISTRICT COURT SHALL SEE FIT.**

Robert D. Goldberg #1733

**CERTIFICATION**

I hereby certify that on the 27th day of June 2006, I mailed a true copy of the within *Motion to Adjudge in Contempt,* via first class mail postage prepaid to Claire Richards, Esq., Special Counsel, STATE HOUSE, Room 119, Providence, RI 02903 and Donald J. Packer, Esq., Merlyn P. O'Keefe, Esq., PACKER & O'KEEFE, 1220 Kingstown Road, Peace Dale, RI 02879

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Champlin's Realty Associates | : | |
| v. | : | C.A. NO: 06-135 ML |
| Donald L. Carcieri, Governor of the State of Rhode Island, Kenneth K. McKay IV, Chief of Staff to the Governor of the State of Rhode Island and John Does, 1 through 5 | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ADJUDGE THE TOWN OF NEW SHOREHAM, by and through its Town Manager NANCY DODGE, IN CONTEMPT AND TO COMPEL COMPLIANCE WITH A *SUBPOENA***

Facts and Travel

Plaintiff has filed a three-count complaint against Defendants. Count I is for Injunctive and Declaratory Relief. Count II is for Title 42 U.S.C. §1983 violations and Count III is for Malicious Interference with prospective business expectations. This matter was commenced in State Court but removed to the United States District Court by the Defendants. Plaintiff did not object.

Counsel for all parties met with Madame Justice Lisi and a Pre-Trial Order and discovery schedule was entered. The Pre-trial Order did not require or limit the taking of depositions or the sequence by which they must occur. There is no basis for the

witness' suggestion in that regard. Plaintiff's counsel and Defendants' counsel then agreed on mutually convenient times and dates for the taking of depositions. *Subpoena duces tecum* and for personal appearances were served (see *subpoena* attached to Plaintiff's motion). On the Friday before the scheduled Monday deposition, Plaintiff's counsel received a telephone message from Attorney Merlyn O'Keefe indicating that his client, the Town Manager, would not appear for her deposition. To present no motion for a protective order or any other relief has been sought by the Town or its manager.

Argument

F.R.C.P. 45(c)(2)(B) provides the mechanism for a non-party witness to object to a *subpoena duces tecum*. The Rule sets forth the basis on which an objection can be made; that is, privilege, trade secret, expert opinion, unduly burdensome or the 100-mile rule.

The witness, however, has neither claimed nor demonstrated that any of these exceptions to record production apply. The Court is now confronted with the situation where a witness has refused to comply with either the production of duly subpoenaed records or to sit for her deposition based on her own assessment of the merits of the Plaintiff's claim. The reason for the non appearance of the witness, as set forth in her memorandum, appears to be "this will avoid your objectors from being the only persons burdened with discovery is a case that may well be going nowhere" [pp1-2 objectors' memo]. As basic as it may sound, it is not within the provence of any

witness to make discovery decisions based on that witness' assessment of the case. Further, it is Plaintiff's suggestion that such an argument violates F.R.C.P. 11(b). F.R.C.P. 45(e) is also applicable to the facts at hand:

> "(e) **contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)." F.R.C.P. 45(e)

The witness in this case did not attempt to contact counsel in order to resolve the situation without Court intervention. No cognizable excuse has been offered for the witness' non appearance at the deposition. The unilateral decision to ignore the subpoena by the witness and her counsel was contemptuous as set forth in F.R.C.P. 45(e).

## Conclusion

Plaintiff is entitled to a finding of contempt and an order compelling the production of the subpoenaed documents and the witness' attendance at her deposition, plus costs and counsel fees to both Plaintiff's and Defendants' counsel.

Champlin's Realty Associates
By its Attorney,

Robert D. Goldberg #1733
Goldberg Law Offices
226 Cottage Street
Pawtucket, RI 02860
Tel: (401) 728-1510
Fax: (401) 725-3355

**CERTIFICATION**

I hereby certify that on the 27th day of June 2006, I mailed a true copy of the within *Memorandum in Support of motion to adjudge [Town Manager] in contempt,* via first class mail postage prepaid to:

Claire Richards, Esquire
Special Counsel
STATE HOUSE, Room 119
Providence, RI 02903

Donald J. Packer, Esquire
Merlyn P. O'Keefe, Esquire
PACKER & O'KEEFE
1220 Kingstown Road
Peace Dale, RI 02879