**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| | : | |
| v. | : | C.A. 06-135 ML |
| | : | |
| DONALD L. CARCIERI, GOVERNOR OF THE STATE OF RHODE ISLAND, KENNETH K. MCKAY IV, CHIEF OF STAFF TO THE GOVERNOR OF THE STATE OF RHODE ISLAND AND JOHN DOES 1 THROUGH 5 | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND HOLD IN CONTEMPT NEW SHOREHAM FIRST WARDEN JOHN T. SAVOIE, AND NEW SHOREHAM TOWN MANAGER, NANCY O. DODGE**

## INTRODUCTION

In this action Plaintiff Champlin's Realty Associates ("Champlin's") sought to obtain through subpoena deposition testimony and certain records of the Town of New Shoreham. Subpoenas duces tecum were served to compel the attendance of John T. Savoie ("Savoie"), First Warden of the Town of New Shoreham and Nancy O. Dodge ("Dodge"), Town Manager of the Town of New Shoreham at depositions at the law offices of Champlin's counsel in

Pawtucket, Rhode Island. The subpoenas also compelled the production of certain enumerated records. Neither Savoie nor Dodge are Defendants in this action, nor is the Town of New Shoreham.

Without seeking relief from this Court, Savoie and Dodge failed to appear at their depositions, or to produce the subpoenaed records, requiring Champlin's to file with this Honorable Court motions to adjudge them in contempt and to compel their compliance with the subpoenas served upon them. Champlin's has already filed memoranda in support of its Motions. Here Champlin's responds to the Memorandum filed on behalf of Savoie and Dodge.

## FEDERAL RULES OF PROCEDURE

FRCP 26(a)(5) allows parties to obtain discovery by a number of enumerated methods, including depositions upon oral examination, and goes on to provide (FRCP 26(b)(1)) that: "parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

The case at bar emanates from nefarious actions by Defendants concerning Champlin's application for expansion of its presently

existing marina at the Great Salt Pond in the Town of New Shoreham. All of the records required to be produced by the subpoenas served upon Savoie and Dodge relate to communications, meetings, etc., between Governor Carcieri and/or the Town of New Shoreham and/or the Coastal Resources Management Council with regard to this expansion project. Relevance is therefore clear.

Rule 26 further provides procedures whereby a party may seek court protection from being required to produce information which it considers to be privileged or trial preparation material. (FRCP 26(b)(5)) Savoie and Dodge are not parties. FRCP 26(c) also provides for a Motion to seek a protective order by a "person from whom discovery is sought accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties..." Such a protective order has not been sought by either Savoie or Dodge.

FRCP 30 provides for the taking of depositions upon oral examination and as part of this provision states: "the attendance of witnesses may be compelled by subpoena as provided in Rule 45." FRCP 30(a)(1) FRCP 45 provides for the issuance of subpoenas and at sub-part (d) describes the duties of a person responding to a subpoena, particularly where documents are to be produced. FRCP

45(e) provides for a person to be deemed in contempt for his failure without adequate excuse to obey a subpoena. "Adequate excuse" for failing to obey a subpoena "exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by Clause (ii) of sub-paragraph (c)(3)(A). "Reference to that sub-section of Rule 45 refers to a requirement requiring a non-party to travel more than 100 miles from "the place where that person resides, is employed or regularly transacts business in person..." Such an excuse has not been - - and could not be - - alleged by either Savoie or Dodge.

ARGUMENT

Savoie and Dodge in their Memorandum in support of their objection to Plaintiff's Motion to compel and for contempt tried the novel (for a non-party) tactic of substantively challenging one of the three Counts in Plaintiff's Complaint most particularly Plaintiff's allegation of a 42 USC Section 1983 violation. Savoie and Dodge - - again non-parties - - have also challenged the ripeness and justiciability of Champlin's Complaint. Savoie and Dodge, as non-parties, have no standing to raise such issues, particularly in the context of attempting to justify ignoring a subpoena. Champlin's, in its earlier Memorandum, enumerated the criteria of FRCP 45(c) for

contesting a subpoena, none of which have been asserted by Savoie or Dodge.

Savoie and Dodge also appear to claim some form of legislative immunity, but concede after some discussion of this doctrine that it does not apply to the subpoenas issued against them "since the Town officials are not Defendants and have not been accused for any wrongful act for which they require immunity as is normally the case where legislative immunity is invoked." (Savoie/Dodge Memorandum p 9) These witnesses also admit with surprising honesty that: "Unsurprisingly, the Town Officials have not yet encountered an analogue in their anomalous position in recent decisional law." (Savoie/Dodge Memorandum p 9) Indeed there is no privilege or immunity which would protect these witnesses from responding to the deposition subpoenas served upon them.

Savoie and Dodge, residents of the smallest state in the Union, also assert the hardships of travel and the hardships of gathering documents in response to a limited and reasonble subpoena request. One would think that these witnesses were being compelled to travel from Australia or at least Iceland to comply with Champlin's subpoena. As to this defense, Champlin's will not say more other than to again point out that these witnesses, (as well as anybody else within the

confines of this State) would be well within the 100 mile reach of a Federal subpoena.

CONCLUSION

Plaintiff Champlin's Realty Associates respectfully prays that its' Motion to compel compliance and contempt be granted without condition and that the Motion for protective order belatedly filed by John T. Savoie and Nancy O. Dodge be denied as being not only out of time but without merit.

CHAMPLIN'S REALTY ASSOCIATES
By its Attorney,

By______________________

Robert D. Goldberg #1733
GOLDBERG LAW OFFICES
226 Cottage Street
P.O. Box 557
Pawtucket, RI 02862-0557
Tel: (401) 728-1510

**CERTIFICATION**

I hereby certify that on the 13th day of JULY 2006, I faxed and mailed a true copy of the within ***Memorandum in Support of Plaintiff's motion to compel and hold in contempt*** via first class mail postage prepaid to the following:

Merlyn P. O'Keefe, Esquire
Donald J. Packer, Esquire
1220 Kingstown Road
Peace Dale, RI 02879

Claire Richards, Esquire
Special Counsel
STATE HOUSE, Room 119
Providence, RI 02903