UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES, Plaintiff, | : | |
| v. | : | CA 06-135 ML |
| DONALD L. CARCIERI, GOVERNOR OF THE STATE OF RHODE ISLAND, KENNETH K. McKAY IV, CHIEF OF STAFF TO THE GOVERNOR OF THE STATE OF RHODE ISLAND, and JOHN DOES, 1 through 5, Defendants. | : | |

**MEMORANDUM AND ORDER**
**GRANTING IN PART**
**PLAINTIFF'S MOTIONS TO COMPEL**
**AND DENYING NONPARTIES' MOTION FOR PROTECTIVE ORDER**

Before the Court are: 1) Plaintiff's Motion to Adjudge the Town of New Shoreham, by and through its First Warden, John ("Jack") T. Savoie, in Contempt and to Compel Compliance with a *Subpoena* (Document ("Doc.") #13) ("Motion to Compel Savoie"); 2) Plaintiff's Motion to Adjudge the Town of New Shoreham, by and through its Town Manager, Nancy Dodge, in Contempt and to Compel Compliance with a *Subpoena* (Doc. #16) ("Motion to Compel Dodge") (collectively the "Motions to Compel"); and 3) the Motion for Protective Order to Bar Plaintiff's Request for Discovery under F.R.C.P. 26(c)(1) (Doc. #19) ("Motion for Protective Order") of nonparties John T. Savoie and Nancy O. Dodge.[1] A hearing was

[1] The motion for a protective order is embedded within the memorandum filed by nonparties John T. Savoie and Nancy O. Dodge in opposition to Plaintiff's Motions to Compel. See Memorandum in Support of Objection of Non-parties, the Honorable John T. Savoie, First Warden of the Town of New Shoreham, and Nancy O. Dodge, Town Manager of the Town of New Shoreham, to Plaintiff's Motion to Compel and to Hold Them in Contempt and Motion for Protective Order to Bar Plaintiff's Request for Discovery under F.R.C.P. 26(c)(1) (Doc. #19). The practice of combining a memorandum and a motion within a single

conducted on July 14, 2006. For the reasons stated herein, the Motions to Compel are granted in part and the Motion for Protective Order is denied.

**Facts and Travel**

On June 6, 2006, Plaintiff Champlin Realty Associates ("Plaintiff") caused subpoenas to be served on the Town of New Shoreham's First Warden, John ("Jack") T. Savoie ("Mr. Savoie"), and on its Town Manager, Nancy O. Dodge ("Ms. Dodge") (collectively "the Town Officials"). They are both nonparties to this action. The subpoenas required each of them to appear for a deposition at the law office of Plaintiff's counsel in Pawtucket, Rhode Island. The subpoenas also directed that they bring with them certain documents which were identified in an attached exhibit. The date and time set for Mr. Savoie's deposition was June 19, 2006, at 2:00 p.m. Ms. Dodge was to be deposed a week later at the same hour.

On Friday, June 16, 2006, the Town Officials filed an Objection (Doc. #12) to the subpoenas. In a memorandum which accompanied the Objection, the Town Officials argued that they "should not be made to testify, if at all, until after the Court resolves the various motions the Governor will be filing which may be dispositive of the Plaintiff's claims." Memorandum of Points and Authorities in Support of Non Parties', [sic] Honorable John T. Savoie, First Warden of the Town of New Shoreham, and Nancy O. Dodge, Town Manager of the Town of New

---

document is contrary to the local rules. See DRI LR Cv 7(a) (requiring that "every motion except a motion to extend time or compel discovery ... shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted ...."). In this instance, the Court overlooks the nonparties' procedural irregularity because counsel for the nonparties prepared and filed the memorandum on an accelerated basis in response to the Court's expressed desire during the July 5, 2006, telephone conference to address the Motions to Compel promptly.

Shoreham, Objection to Subpoenas *Duces Tecum* ("Town Officials' First Mem.") at 1. The Town Officials also urged that Plaintiff be ordered to depose the Governor prior to deposing them because "the strength of the Governor's defenses and immunities will be seen the moment his deposition is noticed ...." Id. Additionally, they asserted that the documents identified in the subpoenas "have absolutely no relevance to this lawsuit ...." Id. at 2.

Although the Objection was certified as having been mailed to Plaintiff's counsel on June 15, 2006, he did not receive it until the morning of Monday, June 19, the date scheduled for Mr. Savoie's deposition. See Tape of 7/14/06 Hearing. Plaintiff's counsel responded initially to the Objection by faxing a letter to counsel for the Town Officials, advising that he could not allow a non-party to dictate the order or content of discovery in the case and that he expected Mr. Savoie to appear at 2:00 p.m. because "you only objected to the production of documents ...." Motion to Compel Savoie, Attachment ("Att.") 2 (Letter from Goldberg to Packer and O'Keefe of 6/19/06). The letter concluded by stating that "[t]he untimely notification of your objection will require that a stenographic fee be pai[d] in the event of cancellation of the deposition." Id. Mr. Savoie did not appear for the scheduled deposition. See Tape of 7/14/06 Hearing.

On June 21, 2006, Plaintiff filed the Motion to Compel Savoie. After Ms. Dodge also failed to appear for her deposition, Plaintiff filed a similar motion as to her. See Motion to Compel Dodge. A hearing was scheduled for July 12, 2006, but the Town Officials filed a motion for an extension of time. See Motion for an Extension of Time of the Honorable John T. Savoie, First Warden of the Town of New Shoreham[,] and Nancy O. Dodge, Town Manager of the Town of New Shoreham (Doc. #15). The Court conducted a telephone conference with counsel for

Plaintiff and the Town Officials on July 5, 2006. Following that conference, the Court issued an Order granting the motion for an extension in part and scheduling a hearing on the Motions to Compel for July 14, 2006. See Order Granting in Part Motion for Extension of Time and Scheduling Hearing on Motions to Compel (Doc. #18).

On July 11, 2006, the Town Officials filed a memorandum in support of their objection to the Motions to Compel.[2] See Memorandum in Support of Objection of Non-parties, the Honorable John T. Savoie, First Warden of the Town of New Shoreham, and Nancy O. Dodge, Town Manager of the Town of New Shoreham, to Plaintiff's Motion to Compel and to Hold Them in Contempt and Motion for Protective Order to Bar Plaintiff's Request for Discovery under F.R.C.P. 26(c)(1) (Doc. #19) ("Town Officials' Second Mem."). As already noted, see n.1, embedded within the Town Officials' Second Mem. was the Motion for Protective Order. Plaintiff responded to the Town Officials' filing with a Memorandum in Support of Plaintiff's Motion to Compel and Hold in Contempt New Shoreham First Warden John T. Savoie, and New Shoreham Town Manager, Nancy O. Dodge (Doc. #20) ("Plaintiff's Second Mem.").

Following the hearing on July 14, 2006, the Court took the motions under advisement.

**Procedural Posture**

As an initial matter, the Court considers the procedural posture of this discovery dispute between Plaintiff and the non-parties. Plaintiff points out that the Town Officials' Objection

[2] Technically, the Town Officials did not file a separate objection to the Motions to Compel. See DRI LR Cv 7(b)(1) ("Any party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion. Every objection shall be accompanied by a separate memorandum of law ...."). However, the Court treats their July 11, 2006, memorandum as an objection.

states that it is filed pursuant to Fed. R. Civ. P. 45(c)(2)(B), which provision only concerns objections to the production of records, and that the Objection does not indicate opposition to the Town Officials being deposed. See Plaintiff's Memorandum in Support of its Motion to Adjudge the Town of New Shoreham, by and through its First Warden, John ("Jack") T. Savoie, in Contempt and to Compel Compliance with a *Subpoena* ("Plaintiff's First Mem.") at 2.[3] While this is a valid point, counsel for Plaintiff candidly acknowledged at the July 14th hearing that after receiving the Objection he was not surprised when Mr. Savoie did not appear for the scheduled 2:00 p.m. deposition. It would be difficult for him to maintain otherwise. The first sentence of the memorandum which accompanied the Objection states that the Town Officials "object to being hauled into a deposition in an attempt to bolster, if not make, a case against the Honorable Donald Carcieri, Governor of the State of Rhode Island, and members of his staff." Town Officials' First Mem. at 1. In the second paragraph, they assert that they "should not be made to testify, if at all, until after the Court resolves the various motions the Governor will be filing which may be dispositive of the Plaintiff's claims." Id. Thus, although the Objection only references Rule 45(c)(2)(B), Plaintiff could not reasonably have believed that the Town Officials only objected to producing the documents specified in the subpoena and that they were otherwise willing to be deposed.

---

[3] The initial memoranda filed by Plaintiff in support of the Motion to Compel Savoie and the Motion to Compel Dodge are essentially identical. Compare Plaintiff's Memorandum in Support of its Motion to Adjudge the Town of New Shoreham, by and through its First Warden, John ("Jack") T. Savoie, in Contempt and to Compel Compliance with a *Subpoena* with Plaintiff's Memorandum in Support of its Motion to Adjudge the Town of New Shoreham, by and through its Town Manager Nancy Dodge, in Contempt and to Compel Compliance with a *Subpoena*. For simplicity, the Court cites only to the memorandum concerning Mr. Savoie. It does so as "Plaintiff's First Mem."

Nevertheless, Rule 45(c) implicitly requires that a person or entity objecting to being deposed must file a "timely motion" to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3)(A). While "timely" is not explicitly defined in subsection (c)(3)(A), presumably it is the same as the period for objecting to the production of documents set forth in subsection (c)(2)(B), which immediately precedes it, (i.e. "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service ...."). It is clear that the Town Officials did not file a motion to quash or modify the subpoenas within 14 days after service or prior to the dates Mr. Savoie and Ms. Dodge were to be deposed. They have belatedly included a motion for a protective order in the Town Officials' Second Mem. While the Court does not view the untimeliness of this motion as being dispositive of the instant motions, in deciding them the Court weighs this factor against the Town Officials.

**Burden of Persuasion/Proof**

In order to decide Plaintiff's Motions to Compel, the Court must also consider and decide the Town Officials' recently filed Motion for Protective Order. Since the Motion for Protective Order seeks to bar their depositions and the production of records, the Court treats it as a motion to quash the subpoenas.

"[T]he party who moves to quash a subpoena has the 'burden of persuasion' under Rule 45(c)(3)." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005)(quoting Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005)); see also Kirschner v. Klemons, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *2, (S.D.N.Y. May 19, 2005)("It is well established that 'the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant.'")(quoting Concord Boat Corp. v. Brunswick Corp., 169

F.R.D. 44, 48 (S.D.N.Y. 1996)). Some courts have referred to this burden as a "burden of proof." Williams v. City of Dallas, 178 F.R.D. 103, 109 (N.D. Tex. 1998); see also Plant Genetic Sys., N.V. v. Northhrup King Co., 6 F.Supp.2d 859, 862 (E.D. Mo. 1998). The burden is a heavy one. Kirschner v. Klemons, 2005 WL 1214330, at *2; see also Plant Genetic Sys., N.V. v. Northrup King Co., 6 F.Supp.2d at 862 ("The burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one.")(quoting Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1025 (Fed. Cir. 1986)); Williams v. City of Dallas, 178 F.R.D. at 109 (stating that "movant has the burden of proof, and must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive")(internal quotation marks and citations omitted).

In the instant matter, the Town Officials are seeking in effect to quash the subpoenas by means of their request for a protective order. Accordingly, they bear the burden of persuasion.

**Law**

Rule 45(c)(3)(A) requires that the Court quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). "Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) 'depends upon "such factors as relevance ... and the burden imposed."'" Kirschner v. Klemons, 2005 WL 1214330, at *2 (quoting Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)))(alteration in original); see also Plant Genetic Sys., N.V. v. Northrup King Co., 6 F.Supp.2d 859, 861 (E.D. Mo. 1998)("[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need,

and the potential hardship to the party subject to the subpoena.")(quoting Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986))(alteration in original). These factors must be balanced and assessed in the context of an individual subpoena. Kirschner v. Klemons, 2005 WL 1214330, at *2.

In the case of subpoenaed documents, "[a]mong the factors that the court may consider in determining whether there is an undue burden are 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Williams v. City of Dallas, 178 F.R.D. 103, 109 (N.D. Tex. 1998)(quoting Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996)(quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979))); see also J.P. Morgan Chase Bank v. Winnick, No. 03 Civ. 8535(GEL), 2006 WL 278192, at *2 (S.D.N.Y. Feb. 6, 2006)(same); Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005)(same); Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005)(same).

"[I]t has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." United States v. Amerigroup Illinois, Inc., No. 02 C 6074, 2005 WL 3111972, at *5 (N.D. Ill. Oct. 21, 2005); see also Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); Williams v. City of Dallas, 178 F.R.D. at 109 ("The status of a witness as a nonparty entitles the witness to consideration regarding expense and inconvenience.").

**Application of Law to Facts**

Plaintiff in its First Amended Complaint alleges that the Defendants improperly influenced members of the Coastal Resources Management Council ("CRMC") to vote against Plaintiff's application for expansion of its existing marina facility in the Great Salt Pond in the Town of New Shoreham and that as a result of Defendants' action the application has not been granted. First Amended Complaint ¶¶ 7, 21, 27. In Count I Plaintiff seeks a declaration the Defendants' conduct violated Plaintiff's constitutional and statutory rights. Id. at 4-5. Also as part of Count I, Plaintiff seeks an order permanently restraining and enjoining the Defendants from further interference with the proceeding before the CRMC. Id. at 5. Count II alleges that the Defendants interfered with Plaintiff's constitutionally protected rights to due process and equal protection of the laws in violation of 42 U.S.C. § 1983. Id. at 5-6. Count III charges Defendants with malicious interference with Plaintiff's prospective business expectations. Id. at 6.

The CRMC conducted 23 public hearings over the course of two years regarding Plaintiff's application. Id. ¶ 15. Counsel for Plaintiff represented at the July 14, 2006, hearing that the Town Officials attended most, if not all, of these hearings and that most, if not all, were conducted on the mainland. See Tape of 7/14/06 Hearing. Counsel for Plaintiff further represented that the Town Officials come to the mainland regularly. See id.

Given the Town Officials' governmental positions, their attendance at the public hearings, and the insular nature of the Town, it is a reasonable inference that the Town Officials have knowledge of Plaintiff's application. It is less clear that they would have any knowledge of the alleged improper activities of Defendants relative to the members of the CRMC and/or the failure of that body to approve Plaintiff's application. Nevertheless,

the standard for discoverable information is that the "information need only appear to be 'reasonably calculated to lead to the discovery of admissible evidence ....'" Cusumano v. Microsoft Corp., 162 F.3d at 716 n.5 (quoting Fed. R. Civ. P. 26(b)(1). Given this "liberal standard," Int'l Bhd. of Teamsters v. E. Conference of Teamsters, 162 F.R.D. 25, 29 (S.D.N.Y. 1995), the Court finds that the information sought from the Town Officials is relevant.

Regarding Plaintiff's need for the information, in light of the claimed "nefarious actions by Defendants," Plaintiff's Second Mem. at 2, Plaintiff may not be able to obtain the information sought directly from the Defendants. If the actions are as improper as Plaintiff alleges, Defendants are not likely to provide evidence of the "smoking gun" variety in their responses to Plaintiff's discovery. Thus, Plaintiff's only avenue may be to seek information regarding Defendants' actions from third parties, such as the Town Officials.

As for the potential hardship to the Town Officials, the burden on them is significantly increased by the fact that they reside on an island. Being deposed at the law offices of Plaintiff's counsel in Pawtucket will require that they take the ferry (or fly) to the mainland and then travel to the opposite end of the state. It is likely that the time required to make this trip, if a ferry is used, will be least two hours,[4] and this

---

[4] According to the web site of Interstate Navigation Company, d/b/a The Block Island Ferry, the sailing time between Block Island and Point Judith (Galilee) is approximately 55 minutes for the traditional ferry and under 30 minutes for the high speed ferry. See http://www.blockislandferry.com/schedpj2006.htm; http://www.blockislandferry.com/schedhighspeed2006.htm. Even if the Town Officials utilized the high speed ferry, it is likely that their travel time would still be approximately two hours (doorstep to doorstep) as they would have to arrive before the ferry's departure to purchase tickets and there would necessarily be a certain amount of waiting.

assumes that ground transportation is immediately available to bring them directly to the law offices of Plaintiff's counsel. Utilization of any common carrier other than a taxicab would likely increase the travel time (one way) to three hours or more. Thus, the burden on the Town Officials in appearing for depositions at the office of Plaintiff's counsel is substantial.

On the other hand, counsel for Plaintiff represented at the hearing that there are hundreds of documents which he needs to have available for possible reference during the depositions. He indicated that transporting these documents to Block Island or some other location in the southern part of the state would be very burdensome for him.[5]

It is clear that, of the factors to be balanced, the burden on the Town Officials in appearing in Pawtucket weighs most heavily in favor of quashing the subpoenas. However, this burden can be substantially lessened by requiring that the depositions be conducted on the mainland in Washington County at a suitable location which is reasonably convenient to where the ferry docks. It can be further lessened by requiring Plaintiff to pay the round trip cost of the Town Officials' transit on the high speed ferry.

Bearing in mind that the travel burden can be reduced in the above described manner and that the Court has the power to limit the length of the depositions, the Court balances and assesses the aforementioned factors. After doing so, the Court concludes that the Town Officials have not met their heavy burden of establishing that requiring them to submit to being deposed is

[5] Plaintiff's counsel also suggested that because Block Island in the summertime is usually associated with recreational and leisure time activities, the atmosphere is not conducive to work. To the extent that Plaintiff contends that this circumstance makes it burdensome for its attorney to conduct the deposition on the Island, the Court rejects the contention.

unreasonable and oppressive.

Accordingly, to the extent that the Motion for Protective Order seeks to bar their depositions, the motion is denied. To the extent that the Motions to Compel seek to force the Town Officials to appear for their depositions, the motions are granted with the following conditions: 1) the depositions be conducted on the mainland in Washington County at a suitable location which is reasonably convenient to where the ferry docks; 2) Plaintiff shall pay the round trip cost of the Town Officials' transit on the high speed ferry;[6] 3) alternatively, at the option of Plaintiff, the depositions may be conducted at Plaintiff's counsel's law office in Pawtucket provided that Plaintiff pays for the round trip air transportation for the Town Officials between Block Island and T.F. Green Airport or North Central Airport and pays for (or provides) round trip ground transportation between the airport and Plaintiff's counsel's law office;[7] and 4) regardless of where the depositions are conducted, each deposition shall not exceed three hours in length.

Turning now to the objection to subpoenaed documents, the Town Officials argue that the request for documents is overbroad and barred by legislative immunity. See Town Officials' Second Mem. at 12. Regarding the latter ground, the Court finds this

---

[6] A witness being deposed pursuant to any order of a court of the United States shall be paid fees and allowances as set forth in 28 U.S.C. § 1821. In the instant matter, the Court finds that travel by high speed ferry is reasonable, and Plaintiff should pay for the Town Officials' round trip passage between Block Island and Point Judith (Galilee) on such ferry.

[7] If Plaintiff elects this option and the Town Officials do not wish to fly, they are not required to do so. However, they must appear for deposition at Plaintiff's counsel's office for their depositions. They shall be entitled to reimbursement for their travel expenses in accordance with 28 U.S.C. § 1821 which reimbursement shall include passage on the high speed ferry.

objection inapplicable as the Town Officials are not defendants in this action. As for the former objection, the Court agrees that the subpoena is overbroad. The subpoena is unlimited in terms of time. It appears from the First Amended Complaint that the alleged actions about which Plaintiff complains would have likely occurred after the subcommittee of the CRMC voted on October 24, 2005, to recommend approval of Plaintiff's application with modification and certainly not later than the February 28, 2006, vote of the CRMC resulting in the five to five tie vote. See First Amended Complaint ¶¶ 16, 26. Thus, the Court finds that, as to documents, the relevant time period is from October 24, 2005, through February 28, 2006.

Accordingly, with regard to the subpoenaed documents, the Motion for Protective Order is denied and the Motions to Compel are granted to the following extent. The Town Officials shall produce the subpoenaed documents for the period October 24, 2005, through February 28, 2006.[8] The following additional conditions shall apply.

As the Town Officials have expressed concern that the term "[a]ny and all records" could be construed to include "all paper, electronic, and telephone records, both from any land lines on which a Town representative may have spoken, and also cellular phone, including records which may have been stored in a personal digital assistant," Town Officials' Second Mem. at 11, the term is not to be so construed. Telephone records, meaning records produced by a provider of telephone service, need not be produced.[9] Records which are to be produced include minutes of

[8] This does not mean that Plaintiff is precluded from questioning the Town Officials about events outside of this time period.

[9] However, records of telephone calls or messages made by a Town employee or official during the relevant time period which refer to the Governor, his office or staff, or the CRMC must be produced.

any relevant meetings, both in person and telephonic.

Regarding the Town Officials' claimed difficulty in determining who constitutes a representative of Governor Carcierci's office and who constitutes a member, employee, or representative of the CRMC, the Court makes the following order. Documents which refer to Governor Donald Carcieri and Kenneth K. McKay, IV, either by name or position, must be produced. A document need not be produced unless it is apparent from the face of the document that the person(s) mentioned therein is connected to the Governor's Office or to the CRMC. The Court does not intend that the Town, in searching for responsive documents, must consult a list with the names of all the persons in the Governor's office or who are members of the CRMC in order to determine if one of the names contained in a document is responsive to the subpoena. If it is not apparent from the face of a document that the document is responsive, it need not be produced. Finally, the Town Officials are not required to devote more than three man hours to the task of locating responsive documents.

Lastly, with regard to Plaintiff's request to adjudge the Town in contempt, the Court declines to grant that request. The Town Officials did not ignore the subpoenas, but responded to them by filing their Objection, and the memorandum in support of that Objection clearly indicated that they objected to being deposed. However, counsel for the Town Officials failed to take reasonable steps (e.g., a telephone call or faxing the Objection to Plaintiff's counsel's office) to insure that Plaintiff's counsel received sufficient notice of the fact that Mr. Savoie would not be appearing for his scheduled deposition on June 19, 2006, so that the appearance of the court reporter could be canceled. Accordingly, the Court orders that the Town reimburse Plaintiff's counsel for any appearance fee charged by the court

reporter in connection with the deposition of Mr. Savoie which was scheduled for June 19, 2006. See Fed. R. Civ. P. 37(a)(4)(C).

In summary, the Motions to Compel are granted to the extent that: 1) the Town Officials shall submit to being deposed by Plaintiff's counsel for a period not exceeding three hours at a location consistent with the terms of this Order; 2) the Town Officials shall produce the records described in the subpoena which were created during the period October 24, 2005, through February 28, 2006; 3) the Town of New Shoreham shall reimburse Plaintiff's counsel for any appearance fee which Plaintiff's counsel incurred as a result of the failure of Mr. Savoie to appear for his scheduled deposition on June 19, 2006.

In all other respects, the Motions to Compel and the Motion for Protective Order are denied.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
July 21, 2006

BY ORDER:

Deputy Clerk