UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| | : | |
| v. | : | C.A. No. 06-135 ML |
| | : | |
| DONALD L. CARCIERI, Governor of the State of Rhode Island, KENNETH K. MCKAY, IV, Chief of Staff to the Governor of the State of Rhode Island and John Does 1 through 5 | : | |

## DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

The Defendants, Governor Donald L. Carcieri and his Chief of Staff, Kenneth K. McKay, IV, move this Court under section 9-33-2 of the Rhode Island General Laws and pursuant to federal common law governing the immunity of public officers from lawsuits for a stay of discovery in this case pending a resolution of their motion for summary judgment interposing these immunity defenses. In support of their motion, the Governor and McKay rely on the memorandum of law filed contemporaneously with this motion.

Respectfully submitted,

DEFENDANTS
By their Attorney,

*/s/ Claire Richards*
Claire Richards (#4057)
Special Counsel
State House, Room 119
Providence, RI 02903

(401) 222-8114
(401) 222-8091 (fax)
crichards@gov.state.ri.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2006, I electronically filed the within *Motion for a Stay of Discovery* with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically via the ECF system to Robert D. Goldberg, Esq. at rgoldberg@goldberglawoffices.com.

*/s/ Claire Richards*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| | : | |
| v. | : | C.A. No. 06-135 ML |
| | : | |
| DONALD L. CARCIERI, Governor of the State of Rhode Island, KENNETH K. MCKAY, IV, Chief of Staff to the Governor of the State of Rhode Island and John Does 1 through 5 | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A STAY OF DISCOVERY**

## I. INTRODUCTION

The Plaintiff, Champlin's Realty Associates, Inc. (Champlin's) is a disgruntled applicant before the State's Coastal Resources Management Council ("CRMC") for a permit to expand its existing marina within the Great Salt Pond on Block Island. After Champlin's application for the expansion was denied by the CRMC, it appealed that decision to the Rhode Island Superior Court where its appeal is currently pending. In addition to the standard allegations of arbitrariness and capriciousness on the part of CRMC, Champlin's has alleged bias on the part of some members of the CRMC.

Not content with its state court administrative appeal, and enraged by the Governor's outspoken opposition to its marina expansion, the Plaintiff filed a § 1983 action in state court against the Governor and his Chief of Staff, Kenneth K. McKay, IV, alleging that they directly and indirect communicated with CRMC

members, communications which were designed to pressure those members into voting to deny Champlin's application. As a result, Champlin's alleges, the Governor and McKay deprived it of due process and equal protection of the laws. Champlin's also asserted that such alleged lobbying activities maliciously interfered with its "prospective business expectations." The case has been removed to federal court.

On August 21, 2006, the Governor and McKay filed a Joint Motion for Summary Judgment seeking a dismissal of the Plaintiff's Complaint on all counts. That motion, a true copy of which is attached as *Exhibit A*, interposes several immunity defenses under state and federal law, including conditional immunity under § 9-33-1, *et seq.*, Rhode Island's Anti-SLAPP statute. The Motion for Summary Judgment also interposes a qualified immunity defense for government officials recognized at federal common law.

Under Rhode Island's Anti-SLAPP statute, the Defendants are entitled to a stay of discovery pending the resolution of their Motion for Summary Judgment on the issue of the conditional immunity conferred by that statute. In precisely the same vein, the Defendants are entitled to a stay of discovery while their claim of qualified immunity under federal law is resolved by this Court. Thus, either immunity theory serves as a basis for the application of a stay of further discovery proceedings in this Court. Accordingly, this Court's application of the discovery stay provisions of Rhode Island's Anti-SLAPP statute would be in harmony with the Federal Rules of Civil Procedure. This Court should grant the Defendants' Motion for a Stay of Discovery.

## II. ARGUMENT

### 1. *Defendants' Filing of a Motion for Summary Judgment under Rhode Island's Anti-SLAPP Statute Triggers a Stay of all Further Discovery Proceedings*

Section 9-33-2(b) of the Rhode Island General Laws requires the Court to stay all discovery proceedings as soon as a party files a motion asserting the conditional immunity conferred by Rhode Island's Anti-SLAPP statute:

> The court shall stay all discovery proceeding in the action upon the filing of a motion asserting the immunity established by this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of the entry of the order ruling on the motion.

The Governor and McKay's motion was filed on August 21, 2006. In their motion, the Governor and McKay interposed a conditional immunity defense under the Anti-SLAPP statute. *See Exhibit A* at pages 17-22. Pursuant to the above-cited provisions of Rhode Island's Anti-SLAPP statute, this Court should impose an immediate stay of all further discovery proceedings in this case. [1]

[1] Nor can the Plaintiff successfully assert that the stay provisions of Rhode Island's Anti-SLAPP statute are procedural in nature and, thus, not applicable in federal court. The stay provision applies directly to the substantive goals of the Anti-SLAPP statute itself – the quick and cost-effective resolution of claim made against persons exercising their right of free speech in connection with matters of public concern. Moreover, as discussed in section *3) supra,* it simply does not matter whether the provision is procedural or substantive. Since granting a stay of discovery pending the resolution of immunity claims is completely consistent with federal law, the characterization of the stay is irrelevant to its application by this Court.

2. *The Defendants' Motion for Summary Judgment on Qualified Immunity Provides an Independent Basis for the Grant of a Stay of Discovery*

"The defense of sovereign immunity or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Elliot v. Perez,* 751 F.2d 1472, 1478 (5th Cir. 1985) ("Subjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford."). Thus, under federal law, a federal district court properly stays discovery during the pendency of a motion for summary judgment asserting the defense of qualified immunity.

In their motion for summary judgment, the Governor and McKay argue that they have qualified immunity from the Plaintiff's claims. *See Exhibit A* at 22-24. This Court should grant the Defendants' Motion for a Stay of Discovery because their immunity from suit would be completely undermined if they had to bear the full burden of pretrial discovery.[2]

---

[2] This burden is particularly acute where, as here, Plaintiff is using discovery in this federal court proceeding to get around the prohibition on discovery which attaches to its state court appeal of the CRMC's decision. Under Rhode Island's Administrative Procedures Act, the Superior Court's review of that decision is confined to the record. R.I. Gen. Laws §42-35-15.

3. *Since a Stay of Discovery is Independently Appropriate Under Common Law Qualified Immunity, Application of the Automatic Stay Provisions of Rhode Island's Anti-SLAPP Statute is in Harmony with the Federal Rules*

In determining whether to apply the provisions of a state's Anti-SLAPP statute in federal court, courts "begin by asking whether such an application would result in a 'direct collision' with the Federal Rules." *United States v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 972 (9th Cir. 1999) (applying provisions of California's Anti-SLAPP statute in federal diversity action because they did not directly collide with the Federal Rules and promoted important substantive state interests). Where the provisions of a state Anti-SLAPP statute are not in 'direct collision' with the Federal Rules, federal courts will apply the state provisions in the federal action. *Id.*

Rhode Island's Anti-SLAPP statute confers immunity from lawsuits on persons exercising their right of free speech under the United States or Rhode Island constitutions when their speech relates to matters of "public concern." The purpose of the Anti-SLAPP statute is to encourage robust participation in and discussion of issues of public concern by disfavoring litigation brought primarily to chill such public participation. R.I. Gen. Laws § 9-33-1. To do so, Rhode Island law authorizes the speedy resolution of SLAPP suits at a "minimum cost." *Id.* Part of this speedy, cost-effective resolution involves staying discovery while immunity issues are resolved. R.I. Gen. Laws § 9-33-2(b).

As discussed above, identical considerations are in play when public officials raise a qualified immunity from lawsuits. The qualified immunity defense, if

granted, resolves the dispute against public officials early without resort to disruptive and burdensome discovery and lengthy trial. A stay of discovery pending the resolution of a qualified immunity defense thus promotes the same objective: "that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Elliot,* 751 F.2d at 1478. Accordingly, this Court should grant the Defendants' Motion for a Stay on either legally-sufficient ground.

## III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant their Motion for a Stay of Discovery pending the resolution of their immunity claims made in their motion for summary judgment.

Respectfully submitted,

DEFENDANTS
By their Attorney,

*/s/ Claire Richards*
Claire Richards (#4057)
Special Counsel
State House, Room 119
Providence, RI 02903
(401) 222-8114
(401) 222-8091 (fax)
crichards@gov.state.ri.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2006, I electronically filed the within *Defendants' Memorandum in Support of their Motion for a Stay of Discovery* with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically via the ECF system to Robert D. Goldberg, Esq. at rgoldberg@goldberglawoffices.com.

*/s/ Claire Richards*