EXHIBIT A

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

CHAMPLIN'S REALTY ASSOCIATES :

VS. : C.A. NO.: 06-1659

MICHAEL TIKOIAN, Individually and in his :
capacity as Chairman of the Coastal Resources :
Management Council, et al :

**AFFIDAVIT OF GERALD ZARRELLA**

The undersigned hereby deposes and states as follows:

1. I have been a Coastal Resources Management Council (hereinafter referred to as "CMRC") member since 2003.

2. I was appointment by the chairman of the CRMC, Michael Tikoian to serve as a member of the Champlin's application subcommittee (hereinafter referred to as "Subcommittee") along with Paul E. Lemont who served as Chairman, Senator Susan Sosnowski , Thomas Ricci and Jerry Sahagian

3. The Subcommittee was a quasi judicial body whose purpose was to accept evidence presented by the applicant and objectors.

4. As a member of the Subcommittee, I attended twenty-three (23) hearings and a public workshop where the Subcommittee discussed the evidence, determined finding of facts, and voted on the application.

5. Per CMRC regulations, each member of the Subcommittee had to timely attend all Subcommittee meetings to be eligible to vote on the application.

6. After the 23 hearings were concluded a public workshop session was held on October 24, 2005 at which time the Subcommittee voted 3 to 1 to approve the application with modifications and stipulations as set forth in our decision.

7. On several occasions throughout the period of scheduled hearings on the application Chairman Tikoian contacted me out side of the hearing process to discuss with me the merits of the application and the manner in which I should vote.

8. After the last scheduled hearing of the Subcommittee (September 16, 2005) and prior to the workshop session (October 24, 2005) I was contacted by Chairman Tikoian to consider a plan for expansion drafted by Danni Goulet a CRMC engineer which would allow for 100 foot extension.

9. The day before the Public Workshop Chairman Tikoian contacted me concerning the newly drafted plan. Chairmen Tikoian told me that Tom Ricci and Paul Lemont were in favor of the plan and that Jerry Sahagian was against it. He also told me that Sahagian was putting the agency at risk and he was going to the Governor's office to make sure Sahagian was not reappointed to the CRMC. He told me to call Paul Lemont who would explain the new plan to me.

10. After my conversation with Chairmen Tikoian I called Paul Lemont who told me that the newly drafted plan was going to be introduced at the workshop session. He further told me that Tom Ricci was in favor of the newly drafted plan and told me to vote for it and if I did the vote would be 3-1.

11. I felt that it was inappropriate for Chairman Tikoian and Vice Chairmen Lemont to ask me to consider a plan that was not presented as part of the evidentiary hearing and which did not comport to the evidence presented to the Subcommittee by either the applicant or objectors.

12. I felt that the presentation to me of this plan was an attempt to compromise my duties and responsibilities as a CRMC hearing officer.

13. I felt that the leadership of CRMC and the Governor's office were attempting directly and indirectly to intimidate me to vote in accordance with their wishes in regards to the Champlin's application and to undermine my independence as a member of the CRMC.

14. After the workshop session the matter was scheduled before the full committee on February 28, 2006 for consideration of the Subcommittee's decision.

Affiant further sayeth not.

Gerald Zarrella

STATE OF RHODE ISLAND
COUNTY OF Kent

In Warwick, in said County on the 5th day of August, 2006, before me personally appeared **Gerald Zarrella**, known by me to be the party executing the foregoing instrument and he acknowledged said instrument, by him executed to be his free act and deed.

Notary Public
My Commission Expires: 2/13/2010

EXHIBIT B

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

CHAMPLIN'S REALTY ASSOCIATES :

VS. : C.A. NO.: 06-1659

MICHAEL TIKOIAN, Individually and in his capacity as Chairman of the Coastal Resources Management Council, et al :

**AFFIDAVIT OF JERRY SAHAGIAN**

The undersigned hereby deposes and states as follows:

1. I have been a Coastal Resources Management Council (hereinafter referred to as "CMRC") member since June 1994.

2. I was appointed by the chairman of the CRMC, Michael Tikoian to serve as a member of the Champlin's application subcommittee (hereinafter referred to as "Subcommittee"). Along with Paul E. Lemont who served as Chairman, Senator Susan Sosnowski , Thomas Ricci, Esquire and Gerald Zarrella

3. The Subcommittee was a quasi judicial body whose purpose was to accept evidence presented by the applicant and objectors.

4. As a member of the Subcommittee, I attended twenty-three (23) hearings and a public workshop where the Subcommittee discussed the evidence, determined finding of facts, and voted on the applications.

5. Per CMRC regulations, each member of the Subcommittee had to timely attend all Subcommittee meetings to be eligible to vote on the application.

6. After the 23 hearings were concluded a public workshop session was held on October 24, 2005 at which time the Subcommittee voted 3 to 1 to approve the application with modifications and stipulations as set forth in our decision.

7. After the last scheduled hearing of the Subcommittee (September 16, 2005) and prior to the workshop session (October 24, 2005) the following occurred:

Grover Fugate, executive director of CMRC, contacted me by phone and asked me to come to his office. When I arrived at his office, Danni Goulet, a CMRC engineer, was present. I asked what the meeting was about. Director Fugate stated that he was instructed to show me a plan drafted by Danni Goulet for Champlin's expansion consisting of a 100 foot extension. I was told by Grover Fugate that this plan was acceptable to the CRMC management and the objectors and one that I should consider.

8. I felt that it was inappropriate for the Executive Director to ask me to consider a plan that was not presented as part of the evidentiary hearing and which did not comport to the evidence presented to the Subcommittee by either the applicant or objectors.

9. I felt that the presentation to me of this plan was an attempt to compromise my duties and responsibilities as a CRMC hearing officer.

10. Realizing the meeting was inappropriate and one which I believe violated CMRC rules and regulations, I abruptly left the meeting.

11. Concerned about what transpired I contacted Jerry Zarrella and Thomas Ricci Esquire, two other member of the Subcommittee to find out if they had been similarly contacted.

12. When I spoke with Thomas Ricci Esquire, I was informed by him that Chairman Tikoian came to his office to discuss the plan presented to me by Executive Director Fugate and CRMC Dredge Coordinator Danni Goulet. Attorney Ricci informed me that Chairman Tikoian had stated to him that I was "on board" with the plan as well as Vice Chairman Paul Lemont (also a member of the Subcommittee) and that he wanted Tom to come on board to secure a 3 to 1 vote in favor of the newly drafted plan.

13. When I spoke to Jerry Zarrella I was informed that he had been contacted by Chairman Tikoian concerning the new plan as well.

14. After the workshop session the matter was scheduled before the full committee on February 28, 2006 for consideration of the Subcommittee's decision.

15. During the period between the workshop session and the full committee meeting, I received indirect communication that if I voted for the Champlin's application, I would not be reappointed by the Governor to the CRMC. I learned that the person who was making these statements was Chairmen Tikoian.

16. About ten minutes prior to the meeting of the full commission (February 28,2006) I was approached by CRCM member K. Joseph Shekarchi Esquire who informed me that Chairman Tikoian was in communication with the Governor's office throughout the day in an attempt to have me replaced as a CRMC member prior to the vote of the full commission in that my appointment to the CRMC had expired on January 31,2006.

17. I felt that the leadership of CRMC and the Governors office were attempting directly and indirectly to intimidate me to vote in accordance with their wishes in regards to the Champlin's application and to undermine my independence as a member of the CRMC.

Affiant further sayeth not.

Jerry A. Sahagian

STATE OF RHODE ISLAND
COUNTY OF KENT

In Warwick, in said County on the 4th day of August, 2006, before me personally appeared **Jerry A. Sahagian**, known by me to be the party executing the foregoing instrument and he acknowledged said instrument, by him executed to be his free act and deed.

Notary Public
My Commission Expires: 2/13/2010

EXHIBIT C

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES<br><br>VS.<br><br>MICHAEL TIKOIAN, Individually and in his capacity as Chairman of the Coastal Resources Management Council, et al | ) | C.A. NO.: 06-1659 |

## AFFIDAVIT OF THOMAS R. RICCI

The undersigned hereby deposes and states as follows:

1. That I have been a Coastal Resource Management Council (hereinafter referred to as "CRMC") member since approximately 2003.

2. I was appointed by the chairman of CRMC, Michael Tikoian, to serve as a member of the Champlin's application subcommittee (hereinafter referred to as "Subcommittee").

3. I served on the Subcommittee along with Paul Lemont, Senator Susan Sosnowski, Gerald Zarrella and Jerry Sahagian.

4. I attended 23 hearings and a public workshop where the Subcommittee discussed the evidence, determined findings of facts and voted on the application.

5: After the final hearing of the Subcommittee on September 16, 2005 and prior to the workshop sessions on October 24, 2005, Chairman Tikoian requested a meeting with me at my office.

Chairman Tikoian indicated that it would be best if the Subcommittee could agree on some sort of compromised expansion of Champlin's. He indicated to me that if I agreed to a 100 foot expansion, that he had already spoken to Jerry Sahagian and Jerry Sahagian would also agree to the newly proposed 100 foot expansion. Chairman Tikoian urged me to vote for a 100 foot plan. I indicated to Chairman Tikoian that I could not commit to any agreement prior to the workshop session.

THOMAS R. RICCI

STATE OF RHODE ISLAND
COUNTY OF KENT

In Warwick on the 8th day of August, 2006 before me personally appeared Thomas R. Ricci known by me to be the party executing the foregoing instrument and he acknowledged said instrument, by him executed to be his free act and deed.

Susan M. Federico
NOTARY PUBLIC
My Commission Expires: 3/6/10