# THE HEARING PROCESS

## A QUICK REFERENCE GUIDE

CRMC

COASTAL RESOURCES MANAGEMENT COUNCIL

RHODE ISLAND
COASTAL RESOURCES MANAGEMENT COUNCIL

Oliver Stedman Government Center
4808 Tower Hill Road Suite 3
Wakefield RI 02879-1900
(401) 783-3370

The following information has been compiled to help explain the Coastal Resources Management Council's formal, and at times, complex hearing process.

## The Public Hearing Process

As an agency of the State of Rhode Island, the Coastal Resources Management Council, must abide by the rules and guidelines contained in the General Laws of Rhode Island. During the hearing, the Council functions as a ***quasi-judicial body***, and therefore, is subject to the ***Administrative Procedures Act*** under Title 42-35 of the Rhode Island General Laws. These rules detail specific procedures the Council must follow for everything it does. Among these procedures is a very specific format for dealing with public hearings and contested cases. This is why there is such an obvious formality to the hearing process, and why the public, though given opportunity to provide input at the appropriate time, must abide by the same structured procedures. Public hearings are held at semi-monthly Council meetings. Public hearings can also be held by a subcommittee when legally substantive objections are received during the public comment period, or when requested by four or more Council members. Notices of public hearings for contested cases are published in the legal notice section of newspapers. In addition, hearings are publicized through postings at town halls, the Council's offices, and through direct mailings to interested parties.

## At the Public Hearing

Operating as a ***quasi-judicial body***, the Council takes evidence, hears testimony, deliberates, and votes. During the hearing process, no questions are answered by the Council, except procedural ones. The Council acts like a panel of judges, and directs the proceedings, but is not obligated to answer any general questions or respond to statements. Applicants and the public cannot give input at just any time, or in just any manner they decide.

Applicants, as well as any other parties involved in a hearing, may represent themselves or appoint an attorney. The Council does encourage applicants to be in attendance at their hearing to address any issues that may arise. For each application under consideration, the Chairman introduces the application and determines whether the applicant is in attendance and is prepared for the hearing. The Chairman will also determine if objectors are present. The applicant will then be called upon to fully present facts relevant to each case. The case must generally be presented following the rules of evidence as applied to civil proceedings in the Superior Court. ***Since the applicant's comments are considered official testimony, cross-examination can take place by attorneys.*** After the applicant rests their case, other interested parties can make their presentation by statement or through an attorney. Applicants are entitled to ***cross-examine*** anyone who testifies in opposition to the application. Individuals from the general public who are not represented by an attorney are allowed to ask questions through the Chairman.

The Chairman decides if a question is proper (does it generally follow the rules of evidence?), and whether the witness should answer it. Repetitious or irrelevant evidence can be excluded from the hearing. Everyone who testifies in a contested case is sworn in. Documents and testimony are officially entered into the record of Council meetings and hearings. ***A formal record means that a stenographer takes down and transcribes all that is said.*** The record also includes all official documents that are submitted. During the hearing, only behavior proper for judicial proceedings is acceptable. Before the hearing ends, all testimony will have been received and objecting parties will have had an opportunity to state their positions. The Council will then vote to approve or deny the application. The applicant has three opportunities to appear before the Council for a hearing before the file is cancelled. If no substantive opposition to the application appears, the matter may be deemed uncontested and is assigned to the full Council for a vote.

## Hearings at the Subcommittee Level

If the hearing is convened under a subcommittee, a non-binding recommendation is formulated for the Council to consider, before a vote is taken at a regularly scheduled semi-monthly Council meeting. ***Once a public hearing held by a subcommittee is closed, it cannot be re-opened unless the Chairman of the Council, or the Council itself orders it opened for the submission of new evidence that was not previously available to the subcommittee.*** This evidence is reviewed before a vote is taken for the record. ***Transcripts*** of testimony are available at the Council's office for examination by any party to the proceeding, until the expiration of time during which an appeal may be filed. Transcripts of testimony are also available from the transcript service.

## Final Decisions

In a contested case, a final written decision is rendered and mailed to all interested parties after a vote of the Council.

## Appeal

An applicant is eligible to enter into the judicial review process when all administrative remedies available within the agency have been exhausted. An appeals process is available in accordance with the Administrative Procedures Act.

---

We hope that the above explanation helps to clarify the administrative hearing process and the format that is followed to resolve contested matters before the Council. The Council will do its utmost to accommodate anyone involved in this process, while following the procedures required by State law. If you still have questions regarding these procedures, please contact our Wakefield office at 401-783-3370.

CRMC

COASTAL RESOURCES MANAGEMENT COUNCIL