**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**Champlin's Realty Associates** **C.A. NO: 06-135 ML**

**vs.**

**Donald L. Carcieri, et al**

**OBJECTION OF NON-PARTY RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS AND TO ADJUDGE IN CONTEMPT**

Now comes the State of Rhode Island Coastal Resources Management Council ("CRMC"), a non-party to this action and objects to Plaintiff's motion to compel answers to deposition questions and to adjudge in contempt.

As grounds for said objection, the CRMC relies upon the accompanying Memorandum of Law for purposes of establishing that the information sought by Plaintiff in its deposition and subpoena of CRMC staff member, Danni Goulet, is privileged as a result of the common law deliberative process privilege. Further, the information sought by Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence.

The deposition of CRMC staff member, Danni Goulet, commenced on Wednesday, July 12, 2006 at 2:00 p.m. and was suspended by agreement of the parties for purposes of petitioning this Court for a protective order. On August 28, 2006 (and prior to filing of the instant motion) the CRMC filed a motion for a protective order with this Court which is scheduled to be heard on September 27, 2006 at 10:00 a.m. before Magistrate Martin.

During the course of Goulet's deposition, Plaintiff's counsel continually sought to inquire into communications consisting of advisory opinions, recommendations, and deliberations between governmental personnel, viz, communications between CRMC members sitting in a quasi-judicial capacity and its staff members who aid them in their decision making process. Any discussions amongst the CRMC decision-makers and its staff in deliberating upon Plaintiff's application have no relevancy to the instant matter and are privileged nonetheless.

Prior to CRMC filing for a protective order, counsel for CRMC in good faith conferred or attempted to confer with Plaintiff's counsel in an effort to resolve the dispute without court action to no avail.

WHEREFORE, the CRMC prays an order enter denying Plaintiff's motion to compel and/or adjudge in contempt.

Coastal Resources Management Council,
By its Attorney,

*/s/ Brian A. Goldman, Esq.*
Brian A. Goldman, Esq./#3940
Goldman Law Offices
681 Smith Street, Providence, RI 02908
Tel: (401) 521-4100
Fax: (401) 274-5433
Goldlaw@cox.net

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September 2006, I electronically filed the within *Objection Of Non-Party Rhode Island Coastal Resources Management Council To Plaintiff's Motion To Compel Answers To Deposition Questions And Adjudge In Contempt* with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically, via the ECF system to Robert D. Goldberg, Esq. at rgoldberg@goldberglawoffices.com and Claire Richards, Esq. at crichards@gov.state.ri.us.

*/s/ Brian A. Goldman, Esq.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**Champlin's Realty Associates** **C.A. NO: 06-135 ML**

**vs.**

**Donald L. Carcieri, et al**

**MEMORANDUM OF NON-PARTY RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS AND TO ADJUDGE IN CONTEMPT**

## I. INTRODUCTION

This matter is before the Court on the complaint of Plaintiff, Champlin's Realty Associates, ("Plaintiff") alleging that the Governor of Rhode Island, Donald L. Carcieri, and members of his staff have violated certain rights of Plaintiff regarding an application for a marina expansion on Block Island, Rhode Island filed by Plaintiff with the State of Rhode Island Coastal Resources Management Council ("CRMC" or "the Council").

The CRMC is an agency created by R.I.G.L. § 46-23-1 *et seq.* and *inter alia* has been delegated state authority to approve, modify, set conditions for, or deny applications for activities taking place within and adjacent to the State's tidal waters. The CRMC's jurisdiction is undisputed.

The CRMC is comprised of sixteen (16) volunteer public members who serve without compensation and when acting on an application such as Plaintiff's, sit in a quasi-judicial capacity. Further, the Council is authorized by statute to employ a full-time staff as well as an Executive Director to aid the CRMC members in their deliberations. Danni Goulet ("Goulet") is a full-time staff member employed by the CRMC. Michael Tikoian ("Tikoian") is the Chairman of the CRMC, Paul Lemont ("Lemont") is the Vice Chairman of CRMC, and David Abedon ("Abedon") is a CRMC member. Chairman Tikoian, Vice Chairman Lemont and member Abedon have participated in a quasi-judicial capacity in reviewing the Champlin's application.

It is uncontroverted that Champlin's application is a contested case pursuant to Rhode Island's Administrative Procedures Act ("APA"), R.I.G.L. § 42-35-1 *et seq.*

The CRMC proceedings have concluded and Champlin's application for a four (4) acre marina expansion was not approved by the CRMC.

Plaintiff issued a Subpoena Duces Tecum, as well as a Notice of Deposition, to the CRMC by and though staff member, Goulet, seeking, *inter alia*, documents and conversations

between CRMC staff members and CRMC member(s) Tikoian, Lemont and Abedon which reflect advisory opinions, recommendations and deliberations comprising part of the process whereby CRMC members formulated their decisions and policies relating to Champlin's application before the CRMC (Attached as Exhibit A)

Goulet was served with the Subpoena Duces Tecum and Notice of Deposition on June 27, 2006. [1] The deposition was scheduled for July 12, 2006 at 2:00 p.m. On or about July 5th or 6th, counsel for CRMC telephoned counsel for Champlin's. During the course of that conversation counsel for CRMC advised Champlin's counsel that the CRMC intended to file for a protective order based upon the common law deliberative process privilege. Counsel for Champlin's suggested that rather than filing a motion prior to commencement of the deposition, the deposition should take place, questions and objections be set forth on the record, and then any motion for protective order or motion (s) to compel could be filed. Counsel for CRMC agreed to this procedure. [2]

During the course of Danni Goulet's deposition, Plaintiff's counsel continually sought to inquire into communications between staff member Goulet and CRMC members that related to the decision making process of whether the CRMC should approve, modify, or deny Plaintiff's application pending before CRMC. Specifically, Plaintiff sought to inquire *inter alia* into, or seek documents relating to, whether CRMC members asked Goulet to prepare a modification to Champlin's proposal (Exhibit B, Depo. Transcript p.31, line 21-23), the substance of any conversations Goulet may have had with CRMC members regarding an alternative or modification to Champlin's application, (Id, p.73, line 10-12) and the substance of any communication Goulet may have had with <u>any</u> CRMC member regarding their thought process, deliberations, and any advice regarding modifications they may have sought from Goulet. (Id, p.55, line 2-5). [3]

Counsel for CRMC stated on the record, it had no objections to Goulet producing any "plans, maps, drawings, designs or proposals submitted to the office of the Governor" or to any other third party. *Id*. at 10-11. The gravaman of CRMC's objections related solely to any plans, proposals, conversations or communications Goulet (or any staff-member) had with CRMC decision makers during the course of their deliberations and decision making. The CRMC also

[1] Plaintiff mistakenly represents in its filings that Goulet was served on June 23, 2006.
[2] These facts are confirmed by opening comments of CRMC counsel set forth on the record at the deposition. *See* Goulet deposition at page 10-12 Exhibit B.
[3] These citations are illustrative of the questions posed, and are by no means an exhaustive inventory of questions asked and objected to as privileged during the course of the Goulet deposition.

had no objection to questions relating to any conversations or communications with any other non-CRMC member third party.

With the exception of the above-caveat, Goulet produced all of the documents requested in items 1 and 2 of Plaintiff's Subpoena Duces Tecum and was allowed to answer all questions in those subject areas.

As set forth in CRMC's "Motion for a Protective Order" previously filed with this Court, and for the reasons set forth below, the information and documents sought by Plaintiff are protected from discovery by the common law deliberative process privilege. Further, based upon the allegations set forth in Plaintiff's Complaint, it does not appear that the information sought is reasonably calculated to lead to the discovery of admissible evidence. CRMC has at all times related to the subpoena and deposition acted in good faith.

Therefore, CRMC seeks denial of Plaintiff's motion(s) and granting of CRMC's requested protective order to the extent Plaintiff will inquire into those privileged areas.

## II. AGRUMENT

### A. CRMC HAS NOT WAIVED ITS OBJECTIONS PURSUANT TO F.R.C.P. 45

As an initial matter Plaintiff argues that CRMC did not comply with F.R.C.P. 45 (c) (2) (B) and serve Plaintiff's attorney with a written objection to inspection or copying of any or all of the designated materials within 14 days of service of the subpoena.

As set forth *supra*, Goulet was served with the subpoena on June 27, 2006. The deposition was scheduled for July 12, 2006, 15 days after service. As set forth *supra*, within 7 or 8 days of service counsel for CRMC advised Plaintiff's counsel a motion for protective order would be filed before commencement of the deposition. At the suggestion of Plaintiff's counsel, and with the agreement of CRMC's counsel, the parties agreed to commence the deposition so that questions and objections would be set forth on the record. The purpose of this procedure was to give this Court a factual and legal record to review in deciding the contemplated motions.

Further, Rule 45 only applies to the production of documents pursuant to a subpoena, it does not apply to the assertion of privilege to questions upon oral examination.

The failure to serve written objections to a subpoena within the time specified by Rule 45 (c) (2) (B) typically constitutes a waiver of such objections. Untied States v. International Bus. Mach. Corp., 70 F.R.D. 700, 701-702 (S.D. N.Y. 1976); see Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) (citing cases from various district courts); Concord Boat Corp. v.

Brunswick Corp., 169 F.R.D. 44, 53 (S.D.N.Y. 1996). "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." Concord Boat, 169 F.R.D. at 48 (citations omitted) Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis of the subpoena. *Id.* (citation omitted)

In the instant matter, CRMC and staff member Goulet, are non-parties to the underlying litigation.

Counsel for CRMC acted in good faith and notified Plaintiff's counsel about concerns regarding privilege and of its intention to file a motion for a protective order prior to commencement of the deposition. By agreement of counsel, the deposition went forward and was ultimately recessed so that CRMC (and presumably, Plaintiff) could file appropriate motions. The purpose of going forward with the depositions was to build a record for this Court to make a meaningful ruling on CRMC's objections.

As one district court has noted with regard to the waiver issue "such a strict interpretation of the Rule would discourage informal dispute resolution among parties who cause issuance of subpoenas duces tecum and those to whom the subpoena are issued", a result that "certainly would work against the efficient administration of justice." Concord Boat, 169 F.R.D. at 54.

There are unusual circumstances and good cause in the instant case such that the Court should permit opposing discovery on the merits. In any event, even if the Court were to literally apply Rule 45 that only goes to the requested documents. Much of what Plaintiff sought was oral testimony about discussions and deliberations by and between CRMC members and staff which is not covered by the subpoena and properly the subject of CRMC's motion for a protective order.

B. DOCUMENTS AND TESTIMONY PLAINTIFF SEEKS FROM CRMC INVADES THE DELIBERATIVE PROCESS PRIVILEGE

As set forth in CRMC's "Motion and Memorandum In Support of Motion to Quash Subpoena and Issuance of a Protective Order" CRMC seeks to protect from the discovery process any communications or documents between CRMC members and its staff consisting of any advisory opinions, recommendations, and deliberations between CRMC members sitting in a quasi-judicial capacity and its staff members who aid them in their decision making process. As set forth *supra*, the CRMC enabling act delegates state authority to the CRMC to approve,

modify, or reject applications for activities taking place within the State's tidal waters. R.I.G.L. 46-23-6 (v) (B) (iii).

Champlin's proposed to expand its marina by approximately four (4) acres in the State's tidal waters. The Town of New Shoreham and numerous other interested parties in the proceedings were asking the CRMC to deny the application *in toto* or significantly modify and scale it down. The CRMC statute as well as the CRMC regulations [4] required the CRMC members to consider alternative proposals and designs.

Central to the CRMC members deliberations then, was to consider modifications and alternatives presented by the parties to the proceedings, or to develop their own modifications or alternatives based upon the evidence presented, in consultation with the CRMC staff. The information sought by Plaintiff attacks the very core of the pre-decisional and deliberative process.

With regard to the subpoena, counsel for CRMC stated it had no objection to producing "any plans, maps, drawings, designs or proposals submitted to the office of the Governor, as set forth in request number 1." (Goulet Deposition Transcript, P. 10-11, Exhibit B). In fact, those documents were provided to Plaintiff. What CRMC objects to as privileged, are any other plans, maps, drawings, designs, or proposals that may or may not exist, which were utilized by CRMC decision-makers and staff in their deliberations and decision-making process.

In response to request number 2, CRMC does not object to:

> [a]ny and all notes, memoranda, records of any and all conversations, communications, meetings had by Mr. Goulet with any person, firm, corporation or governmental entity concerning Champlin's Marina, including but not limited to ... representatives of the Town of New Shoreham or any other objectors to the Champlin's proposal and/or any member of the staff of the office of the Governor of the State of Rhode Island and/or the Governor or the State of Rhode Island"

*See* subpoena, Exhibit A

What CRMC objects to as privileged, is this request as it relates to conversations or communications with CRMC Chairman Tikoian, Vice Chair Lemont, or any other CRMC members during deliberations and the pre-decisional stage of this application which is prior to February 28, 2006.

In its filings with this Court, Champlin's sets forth eleven (11) "questions" it believes it is entitled to answers on. *See* "Memorandum of Plaintiff" at 6-7. Items 1 and 2 have been covered

[4] The CRMC regulations are called "The Coastal Resources Management Program" or "CRMP".

*supra*. Item 3 is pre-decisional, the Subcommittee workshop was in October 2005, but the CRMC did not vote on a decision until February 28, 2006. Items 4 and 5 inquire into the rationale of Goulet recommending a 100' alternative plan to CRMC members prior to a final vote. Items 6, 7 and 8 inquire into Goulet's discussions, advice and/or pre-decisional recommendations to CRMC members. Items 9 and 10 again inquire into pre-decisional deliberations, recommendations, and advice to CRMC members. Item 11 again inquires into pre-decisional discussions, and advice with CRMC member Abedon.

In short, Plaintiff states in its memorandum at 10, "Champlin's should also be permitted to discover whether any Council members examined any plans, maps, etc… which were not presented at the sub-committee hearings."

The CRMC's decision must be supported by the record evidence in order to be upheld. [5] However, Champlin's should not be permitted by this Court in a collateral proceeding to its State Court action to go on a "fishing expedition" to determine the basis of the various CRMC members rationale for voting the way they did. The decision rises or falls on the record in Superior Court. Further, Champlin's should not be permitted discovery to probe CRMC members as to what alternatives or modifications, they were considering in consultation with each other or CRMC staff, in the pre-decisional stage. Such inquiry would destroy the very foundation of the deliberative process, i.e. the policy of affording reasonable security to the decision making process within a governmental agency and to encourage "frank discussion of ideas and policies, thereby ensuring the quality of governmental decision making" Mobil Oil Corp. v. Department of Energy, 102 F.R.D. 1, 5 (N.D.N.Y. 1983) (citing NLRB v. Sears Roebuck and Company, 421 U.S. 132, 45 L. Ed. 2d 29, 95 S. Ct. 1504 (1974) )

Champlin's confuses its role as an applicant before CRMC sitting as a quasi-judicial body with that of a plaintiff and defendant involved in litigation. Champlin's is not entitled to cross-exam a quasi-judicial officer as to why that officer ruled the way they did. While Champlin's would be permitted to cross-examine and inquire of an opposite party in litigation, CRMC members were not parties, they were decision-makers. If those members looked at or considered other alternatives or modifications to Champlin's proposal based upon the evidence, that was part of the decision-making process which Champlin's is prohibited from inquiring into.

The decision of CRMC is subject to APA review in the R.I. Superior Court which Champlin's is diligently pursuing. However, that review is confined to the record of the CRMC

[5] Whether the CRMC's decision is based upon evidence in the record is relevant to Champlin's APA appeal pending in R.I. Superior Court, not the instant matter.

proceedings. Champlin's must not be permitted via a collateral proceeding to go beyond those parameters which are clearly privileged.

Plaintiff argues application of the deliberative process privilege should be denied because it will "shed light on alleged government malfeasance" "Plaintiff's Memorandum" at 9. Plaintiff's argument is contradicted by the allegations in its Complaint.

Plaintiff's cause of action in the instant matter relates to the Governor's alleged conduct in the Champlin's application decision. This case is not about the conduct of CRMC staff, or about the interaction of CRMC staff with CRMC members in making a decision on the Champlin's application. [6]

Information regarding the interaction of CRMC staff with CRMC members in the pre-decisional process is not reasonably calculated to lead to the discovery of admissible evidence in this matter which relates to the Governor's alleged conduct. There is no allegation in the Complaint that the Governor was involved in the formulation of alternatives or modifications to the Champlin's application in the pre-decisional process.

Plaintiff seeks the documents that were presented to the Governor at the October 28, 2006 meeting, CRMC provided those. Plaintiff wants to know what occurred at the meeting. Goulet provided that testimony. Plaintiff wants to know about communications between the Governor's office and CRMC. That was provided. Plaintiff needs nothing more from Goulet or CRMC.

Exposed for what it is, Plaintiff seeks via this Federal Court proceeding, to go on a "fishing expedition" to question CRMC staff, and ultimately CRMC members, in an attempt to discover information that may support its R.I. Superior Court claim of bias or prejudgment by certain CRMC members.

The information Plaintiff seeks from CRMC is not relevant to this action, nor will it lead to the discovery of relevant or admissible information. However, the information they seek may be relevant to Plaintiff's State Court claim. Indeed, Plaintiff has unsuccessfully sought this information in the R.I. Superior Court in the past and continues to press for the information in Superior Court at present.

Plaintiff seeks to cross-litigate and achieve in Federal Court that which he has been unable to achieve in State Court. The R.I. Superior Court should decide whether to allow this type of discovery. Plaintiff's Motion should be denied.

---

[6] As set forth *supra* information regarding CRMC members or staff considering alternatives or modifications to Champlin's proposal likewise cannot constitute government malfeasance since the CRMC statute and regulations require them to undertake that analysis. *See* RIGL 46-23-6 (v) (B) (iii).

**C.** CHAMPLIN'S INQUIRIES GO BEYOND ELICITING FACTS

As set forth *supra*, the CRMC complied with Plaintiff's subpoena request number 1. Further, CRMC counsel permitted Goulet to answer any questions as to what took place, was presented, or was said at the October 28, 2006 meeting with the Governor as these were factual in nature.

Further, Goulet provided any and all documents in response to subpoena request number 2, excepting those that might relate to pre-decisional discussions with CRMC decision makers. (see Goulet Deposition at 71-72, Exhibit B) Plaintiffs did not ask Goulet to distinguish conversations that were pre-decisional or post-decisional in its questions or requests.

However, what is clearly not factual is whether CRMC Chair Tikoian asked him to prepare an alternative plan and what its contents were, or for that matter whether other CRMC members discussed alternative plans and what the details of those alternatives were prior to making a decision.

With respect to Plaintiff's "paragraph 10" request, anything taking place between the Sub-committee vote and the Full Council vote is without question pre-decisional since the Full Council vote was the actual decision.

**D.** THE INFORMATION PRESENTED TO THE GOVERNOR WAS PART OF THE ADMINISTRATIVE RECORD – THEREFORE NO PRIVILEGE COULD BE WAIVED

During the course of the Goulet deposition, Goulet testified that the PowerPoint presentation he made to the Governor and his staff was comprised of exhibits that were part of the administrative record of the CRMC hearings. He gave no opinion on the merits of the project, he merely presented what was in the record. (*see* Goulet deposition p. 48, lines 13-17). The only additions to the existing record Goulet made were a slide depicting the modifications made at the Subcommittee workshop [7] and an alternative design of the marina prepared by Goulet limiting the expansion to 100' seaward of the existing facility.

[7] This slide was made a part of the record and presented to the full CRMC prior to its vote on February 26, 2006.

Plaintiff makes much ado about Goulet's 100' alternative plan presented to the Governor and his staff [8] and the fact it was not presented to the CRMC Subcommittee. They argue presentation of that plan to the Governor amounts to a wholesale waiver of the deliberative process privilege. The rich irony of their position is that the CRMC staff wanted to present the 100' alternative during the course of its presentation to the Subcommittee at the October 25, 2005 workshop but, it was Plaintiff's counsel who objected to its presentation. *Id*. at 56.

Finally, after the CRMC staff presented the factual evidence from the record to the Governor and his staff, they "packed-up and left" without responding to any question or opining on the merits of the application. *Id.* at 51.

During the course of the deposition, counsel for CRMC repeatedly advised Plaintiff the agency had no objection to providing or inquiring into any matters presented to the Governor, his staff, or any other third party. Plaintiff was provided copies of all documents and plans provided to any third party. The CRMC made no claim that the privilege attached to any of those items or conversations.

The CRMC does not contend that the 100' plan presentation to the Governor is covered by the privilege. However, discussions and deliberations between any CRMC member and staff leading up to its formation are covered by the privilege.

Plaintiffs argue that voluntary disclosure of a significant part of a privileged communication may waive the privilege citing Peck v. United States, 514 F. Supp. 210, 212 (S.D.N.Y. 1981) They argue the information provided to the Governor meets that waiver test. Further, they argue presentation of that information acts as a waiver of all privileged communications on the same subject matter.

The short answer is when no privileged information is divulged, there can be no implied waiver of the privilege. In *re* Keeper of Records, 348 F. 3d 16, 23 (1st Cir. 2003). As set forth *supra*, the information presented was a matter of public record and not privileged.

Second, the First Circuit has held that the "extrajudicial disclosure of [privileged] communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings, cannot work an implied waiver or all confidential communications on the same subject matter" *Id*. at 24. [9]

[8] Plaintiff's brief insinuates more than one alternative plan was presented at the meeting, however, Goulet testified his 100' plan was the only alternative he presented.

[9] Indeed, some commentators have argued, and cases have allowed, disclosure to other government agencies without any waiver. *See* 26A Wright and Graham Federal Practice and Procedure § 5692 at 275-276.

Therefore, assuming *arguendo* the Goulet 100' plan was privileged, Plaintiff is only entitled to production of the plan that was presented to the Governor. [10] They are not entitled to "discover whether any council members examined any plans, maps, etc…, which were not presented at the Subcommittee hearings". " Plaintiff's Memorandum" at 10. Nor are they entitled to any other matters that are subject to the privilege.

Contrary to Plaintiff's allegations, communications within and between CRMC Council members and/or employees were not divulged to the Governor or his staff. Only information which was a matter of public record was provided to the Governor. Therefore, there has been no waiver of the deliberative process privilege.

**E.** PLAINTIFF'S QUESTIONS AND DOCUMENT REQUESTS DID NOT DISTINGUISH BETWEEN PRE-DECISIONAL AND POST-DECISIONAL INFORMATION

The CRMC does not dispute that post-decisional documents are discoverable. Counsel for CRMC stated that position on the record (*see* Goulet deposition p. 68, line 17-22). However, Champlin's document requests and many of the questions asked of Goulet at his deposition did not distinguish between the two time periods although CRMC asked Plaintiff's counsel to do so. To the extent information is pre-decisional, CRMC contends it is privileged. To the extent it is post-decisional, it is not. If the deposition is resumed, the Court should instruct Plaintiff to articulate the relevant time period.

**F.** CONCLUSION

For the foregoing reasons, CRMC prays an order enter granting its motion for a protective order and quashing the subpoena duces tecum. Further, Plaintiff's motion to compel answers and to adjudge in contempt should be denied.

Coastal Resources Management Council,
By its Attorney,

*/s/ Brian A. Goldman, Esq.*
Brian A. Goldman, Esq./#3940
Goldman Law Offices
681 Smith Street, Providence, RI 02908
Tel: (401) 521-4100
Fax: (401) 274-5433

[10] Goulet provided Plaintiff all documents presented to the Governor or correspondence from the Governor's office.

*Goldlaw@cox.net*

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September 2006, I electronically filed the within *Memorandum of Non-Party Coastal Resources Management Council In Opposition To Plaintiff's Motion To Compel Answers And To Adjudge In Contempt* with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically, via the ECF system to Robert D. Goldberg, Esq. at rgoldberg@goldberglawoffices.com and Claire Richards, Esq. at crichards@gov.state.ri.us.

*/s/ Brian A. Goldman, Esq.*