UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| | : | |
| v. | : | C.A. No. 06-135 ML |
| | : | |
| DONALD L. CARCIERI, Governor of The State of Rhode Island, KENNETH K. MCKAY, IV, Chief of Staff to the Governor of the State of Rhode Island and John Does, 1 through 5 | : | |

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. SECTION 1988**

Now come the Defendants, Governor Donald L. Carcieri and Kenneth K. McKay, IV and respectfully request that this Court award them attorney's fees:

1. The above-entitled action was brought by the Plaintiff, Champlin's Realty Associates ("Champlin's), seeking damages against the Defendants for alleged deprivations of Champlin's constitutional rights to due process and equal protection of laws in violation of 42 U.S.C. § 1983.

2. 42 U.S.C. § 1988 provides that this Court, in its discretion, may award reasonable attorney's fees to a successful litigant in an action brought under 42 U.S.C. § 1983.

3. This Court (Lisi, J) on the 12th day of October, 2006, granted summary judgment in favor of the Defendants on all counts.

4. The Defendants are "prevailing parties" in this action and may be awarded a reasonable attorney's fees in the discretion of the Court.

WHEREFORE, Defendants respectfully request this Court:

1. Hold a hearing regarding the reasonableness of the Defendants requested attorney's fees;

2. Award Defendants their reasonable attorneys fees as part of the costs taxable against the Plaintiff, and;

3. Order such other and further relief as my be equitable and just.

Respectfully submitted,

DEFENDANTS
By their Attorney,

*/s/ Claire Richards*
Claire Richards (#4057)
Special Counsel
State House, Room 119
Providence, RI 02903
(401) 222-8114
(401) 222-8091 (fax)
crichards@gov.state.ri.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2006, I electronically filed the within *Motion* with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically via the ECF system to Robert D. Goldberg, Esq. at rgoldberg@goldberglawoffices.com.

*/s/ Claire Richards*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| | : | |
| v. | : | C.A. No. 06-135 ML |
| | : | |
| DONALD L. CARCIERI, Governor of The State of Rhode Island, KENNETH K. MCKAY, IV, Chief of Staff to the Governor of the State of Rhode Island and John Does, 1 through 5 | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988**

## I. Introduction and Factual Background

The following relevant facts are taken either from the Defendants' Memorandum in Support of their Motion for Summary Judgment (those not disputed by the Plaintiff) or they are taken from this Court's Opinion of October 12, 2006. These facts are, accordingly, binding on the parties to this case.

1. Between 2004 and 2006, Champlin's Realty Associates ("Champlin's") was an applicant before the Rhode Island Coastal Management Council ("CRMC") for an expansion of its existing marina facility in the Great Salt Pond located in New Shoreham on Block Island.

2. On October 24, 2005, a subcommittee of the CRMC voted 3-1 to recommend approval of Champlin's application with modifications (the "Subcommittee"). Amended Complaint at ¶ 16.

3. The Governor (as well as other public officials) was a frequent and outspoken critic of the expansion.

4. On February 28, 2006, the CRMC denied Champlin's request to expand its marina in the Great Salt Pond on a vote of 5 to 5. Amended Complaint at ¶ 26.

5. In March of 2006, Champlin's filed a lawsuit against the CRMC, in the Providence County Superior Court (C.A. 2006-1659). ("State Court Complaint"). In its State Court Complaint, Champlin's alleged that the CRMC's rejection of its application and its rejection of the recommendation by the Subcommittee to approve the application was a violation of Champlin's rights to due process. Champlin's State Complaint at ¶ 43. It also contends that two members of the CRMC, Michael Tikioan and David Abedon should have recused themselves from the final CRMC vote because of alleged bias. Champlin's State Court Complaint at ¶ 44.

6. Also in March of 2006, Champlin's filed a separate complaint against defendants Governor Donald L. Carcieri and his Chief of Staff, Kenneth K. McKay, IV alleging that by their actions they intentionally and maliciously interfered with Champlin's rights to due process and equal protection of the laws. These claims were brought under 42 U.S.C. § 1983. Amended Complaint at Counts I and II.

7. Champlin's also asserts that the Defendants' conduct constituted a malicious interference with its prospective business expectations. Amended Complaint at Count III.

8. With respect to the Governor, Champlin's specific allegations were 1) that the Governor and the Chairman of the CRMC "agreed to work together to defeat Plaintiff's application"; 2) that the Governor indirectly contacted members of the CRMC and improperly influenced their vote on the application and 3) that Governor contacted the Director of the Department of Environmental Management, an *ex officio* member of the CRMC, "to improperly influence [his] vote with the specific intent to defeat Plaintiff's application." Amended Complaint at 20, 23-25.

9. With respect to defendant McKay, Champlin's specific allegations were 1) that McKay directly and indirectly contacted members of the CRMC and "convinced certain members to vote against Plaintiff's application" ; 2) that McKay spoke with the Chairman of the CRMC "on at least one occasion and engaged in more than one conversation" with him "in order to work together to defeat Plaintiff's application"; and 3) that McKay contacted the Director of the DEM, an *ex officio* member of the CRMC, "to improperly influence [his] vote with the specific intent to defeat Plaintiff's application." Amended Complaint at 21- 25.

10. On August 21, 2006, the Defendants filed a motion for summary judgment seeking a dismissal of all counts of the federal court complaint against them. In addition to various claims of immunity, the Defendants averred that the Complaint failed to state any claim upon which relief

could be granted. Defendants' Memorandum in Support of their Motion for Summary Judgment at 6-16.

11. On October 12, 2006, and after oral argument thereon, the District Court (Lisi, J.) granted the Defendants' Motion for Summary Judgment as to all counts of Champlin's Amended Complaint.

12. Specifically, the Court held that Champlin's procedural due process allegations were insufficient, as a matter of law, because it failed to show a cognizable property interest. *Champlin's Realty Assoc. v. Carcieri,* 2006 U.S. Dist. LEXIS 74937 at *8. Furthermore, the Court held that "even if Plaintiff established that it had some form of protected property interest, its participation in the post-deprivation process in state court would defeat its claim here." *Id.*

13. With respect to Champlin's substantive due process claim, the Court held that in Champlin's failed to show any protected property interest. *Id.* at *9. Furthermore, the Court held that "even if Plaintiff had a protected property interest, its substantive due process claim would still fail because the alleged behavior of the Defendants does not reach the 'conscience shocking' conduct threshold necessary to sustain a substantive due process claim." *Id.* at *13

14. With respect to Champlin's equal protection claims, the Court found that Champlin's did not even bother to refute the Defendants' Summary Judgment arguments. By ignoring the Defendants on this point, the Court deemed Champlin's equal protection claims waived. *Id.* at *13-14. But even if Champlin's had not waived its equal protection claims, the Court held that those claims would not have passed the summary judgment hurdle. *Id.* at *14.

15. Finally, the Court found the record to be completely devoid of any evidence to support Champlin's claim of Interference with Prospective Contractual Relations and the Court found Champlin's response to the Defendants' Motion for Summary Judgment on this point to be "wholly inadequate." *Id.* at *16.

## II. The Standard for Awarding Attorney's Fees

The Defendants have filed a motion requesting attorney's fees pursuant to 42 U.S.C. § 1988. according the Supreme Court's determination in *Hughes v. Rowe,* 449 U.S. 5 (1980), a plaintiff in a § 1983 action should not be assessed his

opponent's attorneys fees unless a court finds that his claim was frivolous or groundless, or that the plaintiff continued to litigate after it became clear that his claims were without merit. *Id.* at 15. *citing Christianburg Garment Co. v. EEOC,* 434 U.S. 412 (1978).

**III. Argument**

Instead of concentrating on the merits of its appeal of the CRMC denial in the State Court, Champlin's sought to silence the Governor by trying to get an injunction against him from speaking out against the marina expansion. As the District Court determined, Champlin's Amended Complaint simply failed to state any claim upon which relief can be granted. In other words, Champlin's Amended Complaint had no basis in law. Moreover, Champlin's presented absolutely no evidence that either of the Defendants violated its constitutional rights. Where a plaintiff presents absolutely no evidence of a violation of 42 U.S.C. § 1983, a District Court, in its discretion, may grant a defendant its attorney's fees. *See Tang v. Department of Elderly Affairs,* 163 F.3d 7 (1st Cir. 1998); *Andrade v. Jamestown Housing Auth.,* 82 F.3d 1179 (1st Cir. 1996).

Accordingly, Defendants respectfully submit, as *Exhibit 1* to their Memorandum of Law, the Affidavit of their attorney along with her contemporaneous time records in connection with their defense of this action. While Ms. Richards is a salaried employee of the State of Rhode Island, her fees are, nevertheless, chargeable against Champlin's. *See Carter v. Rhode Island Dep't of Corrections,* 25 F.Supp.2d 24, 26-27 (D.R.I. 1998) (granting defendant state

agency's request for attorney's fees despite being represented by salaried government employee). Attached as *Exhibit 2* to this Memorandum is the Affidavit of James R. Lee, attesting the reasonableness of Ms. Richards' time and fees.

**IV. Conclusion**

For the foregoing reasons, this Court should award the Defendants' their attorney's fees in connection with their defense of this action. This Court should further award $17,650.00 to be made payable to the General Treasurer of the State of Rhode Island.

Respectfully submitted,

DEFENDANTS
By their Attorney,

*/s/ Claire Richards*
Claire Richards (#4057)
Special Counsel
State House, Room 119
Providence, RI 02903
(401) 222-8114
(401) 222-8091 (fax)
crichards@gov.state.ri.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2006, I electronically filed the within *Memorandum* with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically via the ECF system to Robert D. Goldberg, Esq. at rgoldberg@goldberglawoffices.com.

*/s/ Claire Richards*