**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| v. | : | C.A. NO: 06-135 ML |
| DONALD L. CARCIERI, GOVERNOR OF THE STATE OF RHODE ISLAND, KENNETH K. McKAY IV, CHIEF OF STAFF TO THE GOVERNOR OF THE STATE OF RHODE ISLAND and JOHN DOES, 1 through 5 | : | |

**OBJECTION**

Now comes the Plaintiff, CHAMPLIN'S REALTY ASSOCIATES, in the above-entitled matter and hereby objects to Defendants' motion for attorney's fees. Attached hereto is Plaintiff's memorandum in opposition to Defendants' motion for attorney's fees.

Champlin's Realty Associates
By its Attorney,

*/s/ Robert D. Goldberg*

Robert D. Goldberg (RI Bar #1733)
GOLDBERG LAW OFFICES
226 Cottage Street
Pawtucket, RI 02860
Tel: (401) 728-1510
Fax: (401) 725-3355
rgoldberg@goldberglawoffices.com

**CERTIFICATION**

I hereby certify that on November 9, 2006 I electronically filed the within *Objection* with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/EFC System. The following participants have received notice electronically:
Claire Richards, Esq. at crichards@gov.state.ri.us

*/s/ Robert D. Goldberg*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHAMPLIN'S REALTY ASSOCIATES | : | |
| v. | : | C.A. NO: 06-135 ML |
| DONALD L. CARCIERI, GOVERNOR<br>OF THE STATE OF RHODE ISLAND,<br>KENNETH K. McKAY IV, CHIEF OF STAFF<br>TO THE GOVERNOR OF THE STATE OF<br>RHODE ISLAND and JOHN DOES, 1 through 5 | :<br>:<br>:<br>:<br>: | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

TRAVEL OF CASE

This cause was originally filed in Providence County Superior Court in February 2006 and was removed by the Defendants to the United States District Court for the District of Rhode Island. Discovery ensued, including depositions of New Shoreham town officials, a staff engineer for the CRMC and one (1) staff member from Governor Carcieri's office. Thereafter the Defendants filed a Motion for Summary Judgment on or about August 21, 2006. Plaintiffs filed a timely objection and Memorandum opposing said Motion, and oral argument was held before Justice Mary Lisi on September 28, 2006. Justice Lisi granted Defendants' Motion for Summary Judgment and Judgment was thereafter entered on October 12, 2006.

Defendants have now filed a Motion pursuant to 42 USC § 1988 for attorney's fees. With their Motion and Memorandum Defendants submitted an affidavit by counsel Claire Richards ("Richards") who represented the Defendants in this action, an affidavit of James Lee, Assistant

Attorney General for the State of Rhode Island as to the reasonableness of the attorneys fees, and an Exhibit containing a description of Richards' time spent in defending the action for a total of 88.25 hours at a billing rate of $200.00 per hour.

ARGUMENT

§ 1988 Standard

42 USC § 1988 (b) permits this Court in its discretion to allow the prevailing party inter alia in a 42 USC § 1983 action to obtain "a reasonable attorneys fee as part of its costs…" In interpreting this provision the First Circuit in Bercovitch v. Baldwin School, Inc., et al, 191 F.3d 8 (1st Cir. 1999), referring to its earlier decision in Casa Marie Hogar Geriatrico, Inc. v. Rivera Santos, 38 F.3d 615, 618 (1st Cir. 1994) cited the § 1988 standard to be:

> In civil rights cases fee shifting in favor of a prevailing plaintiff is the rule, whereas fee shifting in favor of a prevailing defendant is the exception. Thus, though a prevailing plaintiff is presumptively entitled to fee shifting in such a case, a prevailing defendant is entitled to similar largess only if she can establish that the plaintiff's suit was totally unfounded, frivolous or otherwise unreasonable. Berkovitch at 10. (citation omitted)

Supreme Court rulings on which the circuits have relied for this rule are most particularly Hughes v. Rowe, 449 US 5, 14, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980) and Christianburg Garment Company v. E.E.O.C., 434 U.S. 412, 421, 54 L.Ed.2d 648, 98 S.Ct. 694 (1978)

A. Plaintiff's suit was not frivolous.

Aware of this standard, Defendants in their Memorandum in support of their Motion for Attorneys Fees argued that: "Champlin's presented absolutely no evidence that either of the Defendants violated its constitutional rights." (Defendants' Fees Memorandum p 4) Although the opposing Memorandum cites to the case of Tang v. Department of Elderly Affairs, 163 F.3d 7,

(1st Cir. 1998) (Defendants' Fees Memorandum p 4), this Court should note language in that Decision that not only requires a finding of frivolousness as a necessary prerequisite to the imposition of attorneys fees against a Plaintiff, but also allows a court - - even if it so finds - - to retain "discretion to deny or reduce fee requests after considering all the nuances of a particular case." 163 F.3d at 20. The Tang court also noted that the Plaintiff in that action failed to satisfy the hurdle of establishing an actual injury, 163 F.3d at 15. Such is certainly not the case at bar.

While Champlin's respectfully disagrees with this Court's determinations which caused it to grant Defendants' Motion for Summary Judgment, Champlin's would argue that the facts asserted in its Amended Complaint, facts determined through discovery and Champlin's allegations which were acknowledged by this Court in its Decision (Decision, p 3) render an accusation of frivolousness totally in apropos to Plaintiff's cause. Those facts include: [1]

1. Defendant Carcieri and Coastal Resources Management Council ("CRMC") chair Michael Tikoian agreed to work together to defeat Plaintiff's marina expansion application. (¶ 20 Amended Complaint)

2. Defendant McKay under the direction of Defendant Carceiri contacted members of the CRMC over which Carcieri had appointing authority and improperly influenced the members of the Council to vote against Champlin's application. (¶ 21 Amended Complaint)

3. Defendant McKay directly and indirectly contacted CRMC members attempting to improperly influence their vote with the specific intent to defeat Champlin's marina expansion. (¶ 23 Amended Complaint)

4. Among the members of the CRMC that Defendants contacted was Michael Sullivan, Director of the Department of Environmental Management, a State employee who serves at the pleasure of Defendant Carcieri. (¶ 25 Amended Complaint)

---

[1] Defendants in their Summary Judgment Memorandum for purposes of that Motion did not dispute the allegations in Plaintiff's Amended Complaint, (Defendants' Summary Judgment Memorandum p 2).

> 5. As a direct and proximate result of Defendants' wrongful interference in the CRMC quasi-judicial proceeding, motions to grant Champlin's application were tied at 5 to 5, which pursuant to Rhode Island law constituted denial of that application. (¶¶ 27 and 28 Amended Complaint)
>
> 6. Discovery taken on behalf of Champlin's established that members of a CRMC sub-committee, which actually heard the testimony and evidence concerning the Champlin's application, and recommended amended approval to the CRMC as a whole, were approached by Tikoian or CRMC staff and urged to vote in favor of a so-called "100 foot plan." That plan (which graphed an expansion of Champlin's Marina 100 feet into the Great Salt Pond, as opposed to the 170 feet recommended by the sub-committee) was never presented to the sub-committee, never disclosed to Champlin's, and represented a substantially reduced expansion beyond what the sub-committee recommended to the Council as a whole.
>
> 7. Discovery established that this so called "100 foot plan" was presented to Defendants at the office of Governor Carcieri.
>
> 8. The Chairman of the CRMC Sub-committee Paul Lemont actually "briefed" the Governor as to the status of the Champlin's application while sub-committee hearings were in progress.
>
> 9. Prior to the vote of the full Commission and contrary to Chairman Tikoian's statement at the February 2006 hearing before the full Commission, he had advised the Governor and his staff as how the members of the Commission including himself were going to vote.
>
> 10. Also contrary to his representations at the February 2006 hearing, Chairman Tikoian communicated ten to fifteen times with staff member Adelman of Governor Carcieri's office concerning progress of the Champlin's application.

Many of these allegations were acknowledged by the Court in its Memorandum Decision at p 3. The essence of Champlin's allegations is that Governor Carcieri and Defendant Kenneth K. McKay inserted themselves into the decision-making process (in contravention to Rhode Island law - - See R.I.G.L. § 42-35-13), sought to influence the votes of Council members over

which the Governor had appointive authority, all of which caused its marina expansion application to be denied after two years of hearings.

These allegations, substantially supported by discovery, are well-founded and not frivolous, and caused Champlin's real damage in the tie vote denial of its application. The cause of action was the interference by Defendants in the CRMC decision-making process, not – as Defendants persist in saying (Fees Memorandum p 6) – Governor Carcieri's public comments on the proposed expansion. Even this Court noted at the summary judgment hearing that the Motion presented "substantive and somewhat intricate issues" requiring a written opinion in "a rather interesting case." (Summary judgment hearing pp 24, 25)

B. The attorneys fees of Claire Richards were unreasonable and unsubstantiated.

42 USC § 1988 allows this Court discretion to impose a reasonable attorneys fee. In support of her contention that her fees were reasonable, Richards presented the affidavit of James Lee. James Lee in his affidavit identifies himself as having been employed as an Assistant Attorney General with the State of Rhode Island since 1980. Although James Lee himself is not involved in the defense of the state Administrative Procedures Act appeal brought by Champlin's, attorney Michael Rubin, also from the Attorney General's Office, has entered his appearance to represent the CRMC in that action. It would have seemed more advisable to have submitted an affidavit from an attorney with fewer connections to foes of Champlin's, especially since the Lee affidavit does not provide any figures on state attorney hourly rates.

The First Circuit in Andrade v. Jamestown Housing Authority, 82 F.3d 1179 (1st Cir. 1996) has held inter alia: "In determining a reasonable hourly rate the Supreme Court has recommended that courts use 'the prevailing market rates in the relevant community' as the starting point. Blum v. Stenson, 465 US 886, 895 n11, 79 L.Ed. 891, 104 S.Ct. 1541 (1984)

(defining 'prevailing market rates' as 'those prevailing in the community for similar services by lawyers with reasonably comparable skill, experience and reputation.')" 82 F.3d at 1190.

Richards is claiming a total of 88.25 hours spent with regard to this action so far. She has attached to her Motion and Memorandum an Exhibit which gives the date, description of services and number of hours. It is difficult to either confirm or object to the contents of this exhibit because the exhibit groups services by date rather than spelling them out individually.

For instance, as to the services rendered on March 27, 2006 which totaled 4.5 hours, Richards refers to the procurement of the certified record in state court (a task which did not need to be done by a lawyer at $200.00 per hour), extended discussions with state court clerks concerning their interpretation of removal rules, a task of indeterminate length and questionable need given Richards' experience as described in her affidavit, and a "second round trip to the State House to comply with the state court clerk's interpretation of rules governing removal." Again it is difficult to access how much time this task actually involved and whether it requires an attorney or could have been done by an office clerk or paralegal.

Champlin's has other problems in reviewing the reasonableness of the fees affidavit of Richards because of the grouping of services. Richards' bills total approximately 36.5 hours for services connected with research and preparation of her summary judgment papers, but because many of her hours include references to other tasks it is impossible to evaluate that figure as to reasonableness. Her charges for April 20, 2006 and August 10, 2006 total 9.75 hours for research on her Anti-Slapp defense - - the grouped charge for April 20, 2006 includes a court conference that lasted no longer than an hour. It is therefore impossible to determine how much time was actually spent on the Anti-Slapp research in order to determine reasonableness. Since the exhibit

had to have been prepared solely for purposes of the Motion, (Richards being a state employee) the charges should have been individually itemized.

CONCLUSION

Plaintiff Champlin's Realty Associates respectfully prays that Defendants' Motion for Attorneys Fees be denied. The facts referred to in Champlin's Amended Complaint, together with discovery obtained contradict any attempt to label this litigation frivolous or unfounded . Champlin's suffered a real injury in the denial of its marina application by a tie vote after nearly two years of hearings before the CRMC sub-committee. It appears that that denial on such a close vote was due in no small part to unwarranted pressure from Defendants Donald Carcieri and Kenneth McKay. The supporting fee affidavit of James Lee was submitted by an attorney in the same state office as an attorney defending against Champlin's Administrative Procedures Act across the street. It is not possible to accurately assess Claire Richards' hourly fees total of 88.25 hours given her grouping of services. Champlin's does not believe this imposition of attorneys fees is called for and urges the Court in its discretion to deny Defendants' Motion.

Champlin's Realty Associates
By its Attorney,

*/s/ Robert D. Goldberg*

Robert D. Goldberg (RI Bar #1733)
GOLDBERG LAW OFFICES
226 Cottage Street
Pawtucket, RI 02860
Tel: (401) 728-1510
Fax: (401) 725-3355
rgoldberg@goldberglawoffices.com

**CERTIFICATION**

I hereby certify that on November 9, 2006 I electronically filed the within *Plaintiff's Memorandum in Opposition to Defendants' motion for attorney's fees* with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/EFC System. The following participants have received notice electronically:
Claire Richards, Esq. at crichards@gov.state.ri.us

*/s/ Robert D. Goldberg*