UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHAMPLIN'S REALTY
ASSOCIATES,

v.                                                                                         C.A. No. 06-135

DONALD L. CARCIERI, GOVERNOR
OF THE STATE OF RHODE ISLAND,
KENNETH K. McKAY IV, CHIEF OF STAFF
TO THE GOVERNOR OF THE STATE OF
RHODE ISLAND and JOHN DOES, 1 through 5.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Attorney's Fees, pursuant to 42 U.S.C. § 1988. Champlin's Realty Associates ("Plaintiff") originally filed this action in state court alleging, inter alia, that Defendants had violated its constitutional rights to due process and equal protection in violation of 42 U.S.C. § 1983. Subsequently, Donald L. Carcieri, Governor of the State of Rhode Island, and Kenneth K. McKay IV, the Governor's Chief of Staff ("Defendants"), removed the matter to this Court. On October 12, 2006, the Court issued a Memorandum and Order granting Defendants' Motion for Summary Judgment as to all counts of the complaint. Defendants now seek to recover from Plaintiff the attorney's fees related to their defense. For the reasons set forth below, the Defendants' Motion for Attorney's Fees is denied.

### I. Standard of Review

The general rule is that "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). In 1976, Congress enacted the Civil Rights Attorney's Fees Awards Act,

1

42 U.S.C. § 1988, authorizing courts "to award a reasonable attorney's fee to prevailing parties in civil rights litigation." Id. Typically, it is the prevailing plaintiff who is awarded attorney's fees, reflecting the intent of Congress to provide persons with civil rights grievances with effective access to the judicial process. See Hensley, 461 U.S. at 429.

The Court, however, "may award attorney's fees to a prevailing defendant upon a finding that plaintiff's action 'was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Andrade v. Jamestown Housing Auth., 82 F.3d 1179, 1192 (1st Cir. 1996) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). "In applying these criteria, it is important that [the Court] resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." Christiansburg, 434 U.S. at 421-22.[1]

## II. Defendants' Request for Attorney's Fees

The essential facts are not in dispute, and are recited in greater detail in the Court's Memorandum and Order of October 12, 2006. Between 2004 and 2006, Plaintiff's application for an expansion to its existing marina facility on Block Island was pending before the Rhode Island Coastal Management Council ("CRMC"). Over the course of two years, the requested expansion was the subject of twenty-three public hearings before a subcommittee of the CRMC. The planned expansion was also the subject of spirited public debate. In the weeks preceding a

---

[1] Although Christiansburg involved a fee award in an action under Title VII of the Civil Rights Act of 1964, the United States Supreme Court later applied the same standard to a fee request by a prevailing defendant under § 1988. See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980).

vote by the full CRMC on Plaintiff's application, numerous environmental groups and several politicians, including Governor Donald L. Carcieri, issued press releases voicing their opposition to the proposed marina expansion. Plaintiff's application was ultimately denied.

In its lawsuit, Plaintiff alleged that the Defendants improperly contacted and influenced members of the CRMC, for the purpose of defeating Plaintiff's application. Plaintiff claimed that Defendants violated its constitutional rights to due process and equal protection, in violation of 42 U.S.C. § 1983. Plaintiff also claimed that Defendants had interfered with its prospective contractual relations. On August 21, 2006, Defendants moved for summary judgment on all counts of the complaint.

After careful consideration of Plaintiff's claims, the Court found, inter alia, that the Plaintiff had failed to show a sufficient property interest to support its procedural due process claim. Memorandum and Order at 5. The Court determined that the Plaintiff had misinterpreted DePoutot v. Raffaelly, 424 F.3d 112 (1st Cir. 2005), in attempting to identify a protected property interest. Id. at 4-5. Additionally, the Court found that Defendants' actions in regard to Plaintiff's application did not reach the threshold of "conscience-shocking" conduct necessary to sustain a substantive due process claim. Id. at 6 (quoting Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006)). The Court further determined that Plaintiff had failed to produce sufficient evidence to satisfy the necessary elements of a claim of tortious interference with prospective contractual relations. Accordingly, the Court granted Defendants' Motion for Summary Judgment on all counts of the complaint.

Defendants, as the prevailing party, now argue that Plaintiff's claims were frivolous, unreasonable, or unfounded, and that, therefore, the Court should award them attorney's fees.

An award of attorney's fees to a prevailing defendant in a civil rights action, however, should be reserved for only those truly frivolous or patently unfounded claims. See Tang v. Rhode Island Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998) (finding that "decisions to grant defendants their fees are, and should be, rare . . ."); see also Tahfs v. Proctor, 316 F.3d 584, 596 (6th Cir. 2003) (noting that an "award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct . . ." (quoting Riddle v. Egensperger, 266 F.3d 542, 547 (6th Cir. 2001)). Although the Court found that Plaintiff's claims failed as a matter of law, it can not say that Plaintiff's claims were frivolous or unfounded at the time they were filed. The Court declines to act as a "Monday morning quarterback," concluding that the Plaintiff's claims are frivolous or unfounded simply because the Plaintiff's action ultimately failed. See Christiansburg, 434 U.S. at 421 (recognizing that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").

## III. Conclusion

For the reasons set forth above, Defendants' motion for an award of attorney's fees is DENIED.[2]

SO ORDERED.

Mary M. Lisi
Mary M. Lisi
United States District Judge
November 30, 2006

---

[2] As a result of the Court's disposition of Defendants' motion, the Court need not address the Plaintiff's argument that the amount of fees requested is excessive.